564 So.2d 1251 (1990)
James CURE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2544.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
*1252 Richard L. Jorandby, Public Defender and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn G. Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
We reverse the conviction and sentence of appellant and remand for a new trial because the trial court erred in refusing to allow appellant to exercise a peremptory challenge.
The appellant was being tried for possession of cocaine and drug paraphernalia. The appellant, who is black, made a challenge for cause to black juror Johnson on the grounds that the juror had formerly been an investigator with the Broward sheriff's office, the law enforcement unit involved in appellant's case. While serving as an investigator, the challenged juror had worked in many units including the drug unit and had been an expert witness in cases involving organized crime and drug trafficking. He also was acquainted with one of the detectives involved in appellant's arrest. He was currently working for the school board investigating crimes on school campuses. The court denied the challenge. The defense then exercised a peremptory challenge directed at juror Johnson. The following colloquy took place:
THE COURT: Challenge for cause denied.
MR. WEISSMAN: That sounds familiar.
MS. CUDDIHY: Strike him.
THE COURT: Are you wanting a hearing?
MR. WEISSMAN: Yes.
THE COURT: State your reasons.
MS. CUDDIHY: On Mr. Johnson?
THE COURT: Uh-huh.
MS. CUDDIHY: That he is an ex-member of the police department that we're dealing with, that he knows Frank Ballante, and that he has been an expert witness in drug cases.
MR. WEISSMAN: He stated that he only knew the officer in passing, he didn't say that he had any previous position as far as the case, and he was asked several times by both myself and Ms. Cuddihy and he thought he could be fair in this case, he stated he didn't have any reasons.
THE COURT: I will not allow a peremptory. For the record, he's a black male.
MS. CUDDIHY: Judge, I must have missed something, but I moved for cause.
MR. WEISSMAN: I asked for a hearing.
THE COURT: It goes both ways.
MS. CUDDIHY: Oh okay, fine.
THE COURT: So, he's on the panel.
MS. CUDDIHY: So  as to peremptory.
THE COURT: It's denied.
What can be gleaned from this is that the state was challenging the defendant's use of a peremptory challenge based on State v. Neil, 457 So.2d 481 (Fla. 1984). While the court did not indicate that she found that the state had made a prima facie showing of a strong likelihood that juror Johnson was being challenged because of his race, see State v. Neil, she nevertheless required the defense attorney to state the reasons to justify the peremptory challenge. The defense attorney again related the same grounds upon which she challenged juror Johnson for cause. The trial court refused to strike the juror and thus erred.
Even assuming that the state had made the prima facie showing required by Neil, which we are unable to discern from the record, we have no hesitation in finding that the trial court abused its discretion in finding that defendant had not met his burden of showing racially neutral and reasonably specific legitimate reasons for denying to strike juror Johnson from the jury. State v. Slappy, 522 So.2d 18 (Fla. 1988).
*1253 We can hardly think of more racially neutral reasons for striking the challenged juror than those presented in this case. It strikes us as eminently reasonable that a defendant being tried for drug offenses would not want an ex-sheriff's investigator who was involved in drug investigations and was acquainted with a detective witness in defendant's case on his jury. While we do not need to address all the criteria for evaluating the reasonableness of the reasons given as set forth in State v. Slappy at 22, we do note that the defendant's reasons for challenging the juror are directly related to the facts and type of case with which defendant is charged. Furthermore, there is no showing that defense counsel used reasons equally applicable to other unchallenged jurors.
The defendant has a right to exercise peremptory challenges. The use of such challenges is to effectuate the constitutional guarantee of a trial by an impartial jury. See Meade v. State, 85 So.2d 613 (Fla. 1956). So long as those challenges are not exercised in a racially improper manner, it is error to deny their use to defendant, as it impairs his constitutional right to a fair trial. Thus, the trial court's error compels us to reverse and remand for a new trial.
DOWNEY and GUNTHER, JJ., concur.