622 So.2d 134 (1993)
James KING, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1890.
District Court of Appeal of Florida, Third District.
August 3, 1993.
Bennett H. Brummer, Public Defender and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Fleur J. Lobree, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
During voir dire, prospective juror Zapata stated that the defendant, James King, resembled the unknown assailant who stole his car from him at gunpoint. Zapata noted that the defendant was wearing a red jacket and that the unknown assailant also wore a red jacket. The following colloquy took place:
[DEFENSE COUNSEL]: Do you think that you would be unable to look at Mr. King and just not think about what happened *135 to you and disconnect all of that from him?
[MR. ZAPATA]: The red jacket is something. I'm not really sure.
... .
THE COURT: I'll ask Mr. Zapata, do you believe that you can put your experience out of your mind and just judge this case on a one on one basis?
[MR. ZAPATA]: Yes, Your Honor, I believe that I can.
The defense challenged prospective juror Zapata for cause. The trial court denied the challenge. Thereafter, the defense used one of its peremptory challenges to excuse prospective juror Zapata. The defense requested an additional peremptory challenge to strike an objectionable juror. The trial court denied the request. The objectionable juror sat on the jury.
The defendant was found guilty as charged. The defendant moved for a new trial alleging that the trial court erred in denying his challenge for cause. The trial court granted the defendant's motion for new trial. At a later date, the trial court reversed its prior ruling and reinstated the defendant's convictions and sentences. This appeal follows.
The defendant contends that the trial court erred in denying his challenge for cause against prospective juror Zapata. We agree.
If there is any reasonable doubt that a prospective juror cannot render a verdict based solely on the evidence submitted and the trial court's instruction of the law, he should be excused. Farias v. State, 540 So.2d 201 (Fla. 3d DCA 1989). There is no doubt that a reasonable doubt existed as to prospective juror Zapata. Prospective juror Zapata stated that he thought that the defendant looked liked the unknown assailant who stole his car from him at gunpoint and that he was not sure whether he could put this experience out of his mind when judging the defendant. Moreover, the trial court's attempt to rehabilitate juror Zapata was insufficient. See Garcia v. State, 570 So.2d 1082 (Fla. 3d DCA 1990). Since the defendant was forced to exhaust his peremptory challenges on prospective juror Zapata, a juror who should have been excused for cause, and the trial court refused his request for an additional peremptory challenge to strike an objectionable juror who eventually sat on the jury, we reverse and remand for a new trial. Trotter v. State, 576 So.2d 691 (Fla. 1990); Pentecost v. State, 545 So.2d 861 (Fla. 1989).
In light of our decision, we do not address the remaining issues raised on appeal.
Reversed and remanded for a new trial.