661 So.2d 383 (1995)
Milton Amos CRUMBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-673.
District Court of Appeal of Florida, First District.
October 12, 1995.
Appellant, pro se.
No appearance by the state.
*384 WOLF, Judge.
Crumbley appeals from a summary denial of his motion for postconviction relief. We find that the reasons the trial court gave for summary denial were insufficient, and reverse and remand so that the trial court may hold an evidentiary hearing or attach those portions of the record which demonstrate that appellant is not entitled to relief.
In pertinent part, appellant's motion alleged the following:
6. The Defendant alleges that his trial counsel was ineffective for not preserving the Neil jury selection issue. The prosecutor exercised a peremptory challenge against prospective Juror Wright, a black woman. Defense objected based on State v. Neil, 457 So.2d 481 (Fla. 1984).
7. The explanation given by the prosecutor for challenging Wright was not supported by the record and was an impermissible pretext. First, the prosecutor presumed a group bias, but made no effort to question Wright as to whether she shared this purported bias. Second, according to the record, Wright's characteristics asserted by the prosecutor to be the reason for excusing her were shared by Juror Mr. Stockling who was not challenged.
Furthermore, the prosecutor mixed up the answers given by the two (2) African-American jurors who worked at schools and defense counsel did not object and correct his error, therefore, allowed the prosecutor to mislead the Court.
Thus, no pertinent questions were asked after this misleading of the court and, failure of trial counsel to object to this error. Which in turn the Defendant suffered prejudice by the law of Neil objections being erroneously applied. Plus, by the defense counsel not properly preserving issue for appeal.
8. Defendant alleges that he was denied his Sixth Amendment Right to Effective Assistance of Counsel. Defendant's trial counsel failed to object to the answers given to the Neil Inquiry by the prosecutor. The prosecutor manipulated the facts when he mixed up the answers given by the two (2) African-American jurors, Ms. Wright and Mr. Stockling, which in turn prejudiced the Defendant. The prosecutor misled the Court about the facts involved and defense counsel did not object to this misleading of facts and hence, from that point on there was very little inquiry by the Court.
In denying the motion, the trial court stated in its order,
Contrary to defendant's contention, defense counsel's contemporaneous objection to the state's challenge of Martina Wright, specifically preserved the issue for appeal... . In fact, an appeal was indeed taken, whereby the First District Court of Appeal affirmed per curiam.
While appellant's motion alleges that his counsel objected when the juror was excused, his complaint centers on whether the failure to object to the alleged reasons given by the prosecutor or to further question the jurors involved resulted in a waiver of his right to challenge the Neil jury selection issue. In Floyd v. State, 569 So.2d 1225, 1229 (Fla. 1990), cert. denied, Floyd v. Florida, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991), the supreme court stated,
It is the state's obligation to advance a facially race-neutral reason that is supported in the record. If the explanation is challenged by the opposing counsel, the trial court must review the record to establish record support for the reason advanced. However, when the state asserts a fact as existing in the record, the trial court cannot be faulted for assuming it is so when defense counsel is silent and the assertion remains unchallenged. Once the state has proffered a facially race-neutral reason, a defendant must place the court on notice that he or she contests the factual existence of the reason.
See also Bowden v. State, 588 So.2d 225 (Fla. 1991). Thus, defense counsel's failures identified by appellant within his motion may well have resulted in a failure to properly preserve the issue for appellate review. We, therefore, find that the allegations contained within the petition were not sufficiently refuted by the trial court's order. In addition, the allegation of failing to properly preserve an issue which if well founded would result in *385 a reversal has been held to constitute a preliminary basis for relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Murphy v. State, 638 So.2d 975 (Fla. 1st DCA 1994). The order of the trial court summarily denying the petition is reversed.
WEBSTER and VAN NORTWICK, JJ., concur.