693 So.2d 596 (1997)
Richard K. FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01082.
District Court of Appeal of Florida, Second District.
February 26, 1997.
Rehearing Denied March 26, 1997.
*597 Robert E. Jagger, Public Defender, and Gale H. Moore, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Richard Ferguson appeals from convictions of aggravated assault on a law enforcement officer, fleeing and eluding, and driving while license suspended or revoked. We agree with Ferguson that reversible error occurred during the selection of the jury. Because this issue requires reversal and remand for a new trial, we decline to reach the remaining points raised.
The trial court denied Ferguson's requests to excuse five prospective jurors for cause. He then used peremptory challenges to strike those jurors. After exhausting all of his peremptory challenges, he requested additional peremptories to strike jurors sixteen and seventeen. The court denied his request, and those jurors served on the jury. Thus, contrary to the state's argument, Ferguson has preserved this issue for appeal. See Trotter v. State, 576 So.2d 691 (Fla.1990); Jones v. State, 660 So.2d 291 (Fla. 2d DCA 1995).
Ferguson's charges came about after he had been drinking and was involved in a high-speed chase which ultimately resulted in his being shot by a police officer. Having little else to cling to, defense counsel explored the defense of voluntary intoxication during voir dire. Responses by three jurors raised a reasonable doubt about whether they could be fair and impartial, and they should have been excused for cause. When asked whether he would follow the law on voluntary intoxication, juror two responded, "I guess. That sounds ridiculous." Juror six indicated he would have a problem with a voluntary intoxication defense "[b]ecause it's wrong. You are responsible for your actions." Juror three explained that he had lost two friends because of alcohol and driving and he didn't "believe you should drive with any kind of alcohol in your system." When asked if that might prejudice him, he responded, "Possibly." Our review of the transcript reveals that none of these jurors were rehabilitated after making the above comments. "If there is any reasonable doubt that a prospective juror cannot render a verdict based solely on the evidence submitted and the trial court's instruction of the law, he should be excused." King v. State, 622 So.2d 134, 135 (Fla. 3d DCA 1993). That is clearly the case in regard to these three jurors. Therefore, we reverse and remand for a new trial.
ALTENBERND and LAZZARA, JJ., concur.