700 So.2d 407 (1997)
Isiah THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0169.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
Rehearing and Rehearing Denied November 4, 1997.
*408 Isiah Thomas, Vernon, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied November 4, 1997.
PER CURIAM.
Isiah Thomas appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find that one of the claims he raised had merit and was not conclusively refuted by the trial court's order of denial. We reverse and remand as to that claim only.
Appellant's second claim for relief was that his trial counsel was ineffective in failing to renew his objection to the state's use of a peremptory challenge to excuse a juror where the record indicates that the juror was Hispanic, precluding the point from being raised on direct appeal. That issue may have constituted reversible error under State v. Alen, 616 So.2d 452 (Fla.1993) (recognizing Hispanics as cognizable class for purposes of Neil[1] inquiry), and State v. Johans, 613 So.2d 1319 (Fla.1993) (requiring Neil inquiry when objection that peremptory challenge is used in racially discriminatory manner is raised), were it not waived by defense counsel's failure to object to the jury that was selected, Joiner v. State, 618 So.2d 174, 176 (Fla.1993).
The allegation of failing to preserve an issue which, if well founded, could result in reversal, constitutes a preliminary basis for relief pursuant to rule 3.850. See Crumbley v. State, 661 So.2d 383 (Fla. 1st DCA 1995) (reversing summary denial of rule 3.850 motion alleging ineffectiveness of trial counsel in failing to object to prosecutor's reasons for peremptory challenge, which were not supported by record).
Accordingly, we reverse the summary denial as to this claim and remand for an evidentiary hearing or the attachment of record excerpts conclusively refuting this claim. As to all Appellant's other claims for post-conviction relief advanced in the instant motion and Appellant's addendum thereto, we find no error in the trial court's summary denial and affirm.
Affirmed in part, reversed in part, and remanded.
FARMER, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).