779 So.2d 415 (2000)
Anthony Glen CHATTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3090.
District Court of Appeal of Florida, Second District.
September 20, 2000.
Cedric P. Hay of Beil & Hay, P.A., Hudson, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Anthony Chattin has raised several challenges to his conviction and sentence for robbery, none of which have merit. We write only to comment on two alleged errors in the jury selection process and to warn of the necessity to follow all of the steps to preserve such errors.
First, Mr. Chattin's trial attorney was permitted to question the prospective jurors concerning their willingness to accept and apply the defense of voluntary intoxication. A number of jurors stated they could not follow an instruction on that defense if it were given, and Mr. Chattin's attorney moved to strike five jurors for cause. The trial judge, inexplicably, struck three of those requested as well as a fourth who had not been named, but he neglected to strike two of the jurors Mr. *416 Chattin's attorney identified. The record reveals that those jurors exhibited a clear unwillingness to follow the law on voluntary intoxication and should have been struck for cause. See Ferguson v. State, 693 So.2d 596, 597 (Fla. 2d DCA 1997) (quoting King v. State, 622 So.2d 134, 135 (Fla. 3d DCA 1993)) ("If there is any reasonable doubt that a prospective juror cannot render a verdict based solely on the evidence submitted and the trial court's instruction of the law, he should be excused.").
Mr. Chattin's second jury challenge was to the State's peremptory strike of an African American woman. When asked to justify this allegedly racially discriminatory strike, the assistant state attorney claimed that the prospective juror was nonresponsive during voir dire and seemed to lack interest in the proceedings. The trial court accepted this reason as genuine, and Mr. Chattin's attorney made no further objection.
Both of these jury issues arguably have merit, but unfortunately neither was preserved for appellate review. A defendant who challenges the trial court's failure to dismiss jurors for cause must demonstrate that all peremptory challenges were used, that additional peremptories were requested but denied, and that an objectionable juror was seated. See Jones v. State, 660 So.2d 291, 293 (Fla. 2d DCA 1995) (citing Trotter v. State, 576 So.2d 691 (Fla.1990)). Mr. Chattin's attorney failed to follow these steps and thus foreclosed the possibility of demonstrating reversible error on appeal.
As for the State's strike of a prospective juror, which the defense claimed was racially motivated, we have examined the record and have serious concerns about the manner in which the State articulated its allegedly race-neutral explanation for the strike. Nevertheless, any issue was waived when the defense attorney failed to renew his objection before the jury was sworn. Rather than doing so or accepting the jury subject to his earlier objection, Mr. Chattin's attorney acquiesced in the seating of the panel. Accordingly, we must affirm on that issue. See Joiner v. State, 618 So.2d 174 (Fla. 1993).
Affirmed without prejudice to the defendant to raise any appropriate issues on a motion pursuant to Florida Rule of Criminal Procedure 3.850.
PATTERSON, C.J., and ALTENBERND, J., Concur.