778 So.2d 372 (2001)
Alonzo GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3602.
District Court of Appeal of Florida, Second District.
January 17, 2001.
*373 PER CURIAM.
Appellant, Alonzo Gutierrez, challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised several claims of ineffective assistance of trial counsel. We reverse and remand for further proceedings on appellant's claim that counsel was ineffective for not calling two witnesses at trial. We affirm appellant's other claims without discussion.
Appellant was convicted, after a jury trial, of one count of first-degree murder and three counts of attempted first-degree murder with a firearm. The victims were passengers in a Chevrolet Blazer that was fired upon by the occupants of a Ford Taurus. The key witness against appellant, Lucan Phillips, was an uncharged occupant of the Taurus who testified that appellant was one of the gunmen and was in the front passenger seat of the Taurus. The jury rejected appellant's alibi defense.
In his motion for postconviction relief, appellant alleged that trial counsel was ineffective for failing to call Lorenzo Gutierrez and Pablo Gutierrez, occupants of the Taurus, to testify that appellant was not in the vehicle at the time of the shooting. According to appellant, Lorenzo and Pablo also would have corroborated the testimony of one of the occupants of the victims' vehicle that Damian Flores was in the front passenger seat of the Taurus. Appellant alleged counsel was aware of these witnesses prior to trial. He further alleged that if counsel had called these witnesses, their testimony would have created a reasonable doubt as to his guilt and that the result of the trial would have been different. Appellant has presented a facially sufficient claim alleging ineffective assistance of counsel. See Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000).
The trial court found it doubtful that Lorenzo and Pablo's testimony would have helped appellant, noting that Lorenzo was himself convicted of one count of firstdegree murder and three counts of attempted first-degree murder arising out of the same incident and that Pablo pleaded to lesser charges. This would not, in itself, have discredited their testimony. It would have established them at the scene and in a position to know who was in the car. It also could be argued that they had nothing personally to gain from their testimony as opposed to Phillips, who was not charged in the incident. The trial court noted that, in his initial statement to the police, Lorenzo implicated appellant in the offenses. Such prior inconsistent statements could have been used to impeach Lorenzo if he had testified that appellant was not involved in the offense[1] and would rebut appellant's claim that the omission of Lorenzo's testimony affected the outcome of the case. However, the trial court failed to attach those portions of the record indicating that Lorenzo had made such statements.
The trial court also found that if Lorenzo and Pablo had "testified that [appellant] was not in the vehicle at the time of the shooting, it lends nothing to the alibi defense asserted by [appellant], because neither *374 Lorenzo nor Pablo was allegedly with [appellant] at his in-law's house on the night in question." We note, however, that if Lorenzo and Pablo had testified as appellant claims, while they may not have been able to testify to appellant's actual whereabouts at the time of the offense, their testimony would certainly have bolstered his claim that he was not present at the shootings.
Finally, the trial court found that if either Lorenzo or Pablo had taken the stand, "their credibility would have been subject to attack by the State, particularly on issues of bias and interest." One might speculate that Lorenzo and Pablo were related to appellant; however, the trial court, in its order, does not elaborate as to what their bias in favor of appellant might be, let alone attach any portions of the record that would demonstrate bias.
We reverse and remand for further proceedings on this claim, which may include an evidentiary hearing. If the trial court again concludes that summary denial is proper, it must attach those portions of the record which demonstrate appellant is not entitled to relief.
Reversed and remanded.
THREADGILL, A.C.J., and NORTHCUTT and SALCINES, JJ., concur.
NOTES
[1] See § 90.614(2), Fla.Stat. (1997).