776 So.2d 1082 (2001)
David DWYER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4363.
District Court of Appeal of Florida, Fourth District.
February 7, 2001.
*1083 Donnie Murrell, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Dwyer appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the action below, Dwyer alleged seven claims. The trial court summarily denied five of the claims and granted an evidentiary hearing on the remaining two claims. Subsequently, the trial court denied Dwyer's motion. In turn, he appealed the denial and raised five issues on appeal.
We reverse the trial court's summary denial of one of Dwyer's claims and affirm the trial court's denial on the remaining claims.
On appeal, Dwyer argues that the trial court erred in refusing to grant a hearing and relief regarding trial counsel's failure to preserve for appeal the improper denial of a peremptory challenge. Specifically, Dwyer contends that his lawyer failed to properly object to the trial court denying a peremptory challenge of juror number 6.
When defense counsel moved to use a peremptory challenge to strike juror number 6, the state objected without stating any basis for its objection on the record. Despite the state's failure to state a reason for the objection, the trial court required the defense to state a reason for the objection. Accordingly, defense counsel explained to the trial court that she believed that she had alienated the juror during voir dire. The State countered that the evidence did not support the defense's argument. The trial court agreed and ruled that the defense's explanation was not supported by the record.
On appeal, the state asks this court to overlook the fact that the state failed to object on the record according to Melbourne v. State, 679 So.2d 759 (Fla.1996), where the party objecting to the other side's use of a peremptory challenge on racial grounds must: 1) make a timely objection on that basis; 2) show that the venire person is a member of the distinct racial group; and, 3) request that the court ask the striking party its reason for the strike. Specifically, the state asks this court to presume that the objection required the defense to state a race-neutral reason for the challenge. There is nothing on the record before this court that establishes such an objection by the state.
Since the state failed to assert any reason for its objection, it appears that Dwyer's peremptory strike should not have required an explanation. See Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000)(holding no explanation should be required for a peremptory challenge, because by definition, such a challenge "`need not be supported by any reason, although a party may not use such a challenge in a way that discriminates against a protected minority.' Black's Law Dictionary 223 (7th ed.1999).").
Dwyer further argues on appeal, his attorney's failure to object to the jury is a claim that should not have been summarily *1084 denied because "the allegation of failing to preserve an issue which, if well founded, could result in reversal, constitutes a preliminary basis for relief pursuant to rule 3.850." See Crumbley v. State, 661 So.2d 383 (Fla. 1st DCA 1995)(reversing summary denial of rule 3.850 motion alleging ineffectiveness of trial counsel in failing to object to prosecutor's reasons for peremptory challenge, which were not supported by record).
In his motion filed in the lower court, Dwyer urged that the denial of his peremptory challenge would be per se reversible error which would have been reversed on appeal had his counsel preserved the error.
This court has ruled that the denial of a party's right to exercise peremptory challenges, so long as those challenges are not exercised in a racially improper manner, constitutes error. See Michelin North America, Inc. v. Lovett, 731 So.2d 736 (Fla. 4th DCA 1999)(citing Cure v. State, 564 So.2d 1251, 1253 (Fla. 4th DCA 1990)).
There is nothing in the record before this court which conclusively refutes the summary denial of this claim. Accordingly, we reverse the summary denial of this claim and remand for attachment of record evidence that conclusively refutes his claim, or to hold an evidentiary hearing on this issue. See Thomas v. State, 700 So.2d 407 (Fla. 4th DCA 1997)(holding that an allegation that trial court failed to preserve an issue which, if well founded, could result in reversal, constitutes a preliminary basis for relief pursuant to rule 3.850).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.