PER CURIAM.
The trial court properly denied the appellant credit for additional time served. As part of his plea bargain, defendant-appellant Wade waived all credit for time previously served in this case, except for eleven days. Such a waiver is permissible. See Cozza v. State, 756 So.2d 272, 273 (Fla. 3d DCA 2000); Wells v. State, 751 So.2d 703, 704 (Fla. 1st DCA 2000).
Defendant was originally sentenced to three hundred sixty-six days in prison followed by one year of probation. He violated probation and entered a plea bargain for another prison term. Defendant’s motion suggests that he may be arguing that his gain time from his earlier imprisonment in this case should not have been forfeited. He relies on State v. Hreen, 547 So.2d 925 (Fla.1989), but the gain time statute was subsequently modified and now provides for forfeiture of gain time upon recommitment. See § 944.28(1), Florida Statutes (1997); Dowdy v. Singletary, 704 So.2d 1052, 1053 (Fla.1998); Tripp v. State, 622 So.2d 941, 942 n. 2 (1993).
Affirmed.