THREADGILL, Acting Chief Judge.
Roderick Stokes appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Stokes’s claim that his counsel was ineffective for failing to interview and call an interpreter as a witness is not conclusively refuted by the record before the court. Accordingly, the order denying relief is reversed as to this issue and affirmed as to the remaining issues raised by Stokes.
Stokes was sixteen years old when his offense was committed. He was tried and sentenced as an adult. He was convicted of armed robbery and sentenced to twenty-seven years in prison to be followed by ten years of probation. In his motion, he claimed that his trial counsel was ineffective in several respects. One of his claims has merit and must be reconsidered by the trial court.
Stokes asserts that his trial counsel was ineffective for failing to interview and subpoena for trial a potential witness, the hospital interpreter who heard the victim identify the perpetrator as someone other than Stokes. The trial court denied this claim based on the fact that the police officer who heard the victim name “Ernest” as the perpetrator testified to this in court. However, the transcript excerpt attached to the order denying relief reveals that the State effectively impeached this officer concerning his inability to understand Spanish and verify the interpreter’s translation, thereby raising a doubt as to whether the victim was actually naming “Ernest” as the perpetrator. In addition, at trial the victim had no recollection of this conversation. Consequently, the interpreter could have testified as to the victim’s identification of the perpetrator as “Ernest” with more credibility than the officer.
The limited record before this court supports Stokes’s claim that his counsel’s omission was indeed prejudicial. See Gutierrez v. State, 778 So.2d 372 (Fla. 2d DCA 2001). Whether this failure was a strategic decision cannot be determined from the record before this court. It is entirely possible that defense counsel may have made a viable strategic decision to rely on the officer’s statement rather than to subpoena the interpreter. This issue must be resolved by the trial court and will almost certainly require an evidentiary hearing to resolve. See Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995).
Affirmed in part, reversed in part and remanded.
BLUE and SILBERMAN, JJ., concur.