800 So.2d 665 (2001)
Anthony G. CHATTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2724.
District Court of Appeal of Florida, Second District.
November 14, 2001.
GREEN, Judge.
Anthony Chattin challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Chattin raises eight grounds for relief in his motion. We affirm, without comment, the trial court's denial of six of the grounds contained in the motion, but we reverse and remand for further proceedings on the remaining two grounds.
Chattin was convicted of robbery. His defense at trial was that he was too intoxicated to form the necessary specific intent to commit the crime. Chattin's conviction and sentence were affirmed on appeal. *666 Chattin v. State, 779 So.2d 415 (Fla. 2d DCA 2000). One of Chattin's issues on direct appeal was the failure of the trial court to strike two of the prospective jurors for cause. Although we determined that "those jurors exhibited a clear unwillingness to follow the law on voluntary intoxication and should have been struck for cause," we concluded that trial counsel had not properly preserved the issue for appellate review. Id. at 416. We affirmed the judgment and conviction "without prejudice to the defendant to raise any appropriate issues on a motion pursuant to Florida Rule of Criminal Procedure 3.850." Id.
In his ensuing rule 3.850 motion, Chattin alleged that trial counsel was ineffective for failing to properly preserve the challenges for cause. The trial court inexplicably denied this claim finding that it was not cognizable in a rule 3.850 motion. The failure to challenge a juror for cause is cognizable in a rule 3.850 motion. See Thompson v. State, 796 So.2d 511 (Fla. 2001). In Thompson, Thompson claimed that his trial counsel was ineffective in failing to challenge a juror for cause. The supreme court noted that the record indicated that the juror "had extreme difficulty accepting the notion that a defendant has a right to not testify." Id. at 517. However, the supreme court concluded that it could not "foreclose the possibility that counsel's failure to challenge juror Wolcott for cause was the product of some reasonable tactical decision." Id. The supreme court remanded for an evidentiary hearing on the issue. In the present case, Chattin's trial counsel initially challenged the jurors for cause but failed to demonstrate that he used all his peremptory challenges, that he requested additional peremptory challenges but that request was denied, and that an objectionable juror was seated. The likelihood that this was a reasonable tactical decision is more remote than the likelihood that trial counsel's failure to challenge the juror for cause in Thompson was based on tactical concerns, especially given the fact that the jurors in the present case indicated unwillingness to follow the law regarding the specific defense Chattin employed at trial. However, pursuant to Thompson, we reverse that portion of the trial court's order denying this claim, and we remand for an evidentiary hearing.
Chattin also alleged that counsel was ineffective because he failed to preserve his objection to the State's peremptory challenge of an African American juror. In Chattin, we noted that we had "serious concerns about the manner in which the State articulated its allegedly race-neutral explanation for the strike," but held that the issue was waived "when the defense attorney failed to renew his objection before the jury was sworn." Chattin, 779 So.2d at 416. The trial court denied this claim in Chattin's motion, also finding that this issue was not cognizable in a rule 3.850 motion. The trial court is again incorrect. See Crumbley v. State, 661 So.2d 383 (Fla. 1st DCA 1995). We reverse the trial court's denial of this claim and remand for an evidentiary hearing to determine whether counsel's failure to preserve the objection to the peremptory strike was the product of a reasonable tactical decision.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.