804 So.2d 603 (2002)
Scott Edward AUSTING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2827.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*604 Rhonda Ruth Jerry Hipkins, Matthews, NC, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
This is an appeal from the denial of a 3.850 motion based upon some 19 grounds. The dispositive one is the allegation that the appellant Austing's trial counsel failed to preserve for appellate review the trial court's denial of his peremptory challenge of a prospective juror.
At trial, Austing's counsel sought to exercise a peremptory challenge against a prospective juror, Ms. Bronson, who had responded on voir dire that her cousin was a circuit judge in Orange County. When the state demanded that defense counsel provide a nonracial basis for the challenge, the latter responded, inter alia, as follows:
I peremptorily excused her because she's got a cousin who is a judge, and knowing Judge Bronson, my gut feeling was she may have had some serious input. He's a very stern individual. If she's anything like Judge Bronson, there's a good chance she will be opposed to our defense.
The trial judge denied the challenge on the basis that the stated reason was not race or gender-neutral (even though gender had not been raised), and Ms. Bronson served on the jury which convicted Austing. At the 3.850 motion hearing the judge apparently recognized that the trial judge had erred in finding that the stated reason for the challenge was not a neutral one and that the error had not been preserved for appeal, but denied the 3.850 motion on the following basis:
[T]here is no showing sufficient to find that this would have changed the outcome. With five other jurors there is no showing that another juror would have created at best a hung jury.
In other words, the motion judge determined that the error was harmless.[1]
The finding below in regard to harmless error was wrong because, of course, there can never be a showing as to what would have occurred with a different jury. This *605 was candidly conceded by the state at oral argument for this appeal. The trial court's erroneous denial of Austing's peremptory challenge was per se reversible error, and, if properly preserved, would have resulted in a reversal by this court on direct appeal. See Dwyer v. State, 776 So.2d 1082 (Fla. 4th DCA 2001); Vaz v. State, 626 So.2d 1022 (Fla. 3d DCA 1993). Therefore, it is apodictic that the result would have been differenti.e., reversal on appealhad trial counsel been effective; therefore, the two-pronged Strickland[2] test has been met.
REVERSED AND REMANDED FOR NEW TRIAL.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] There is no indication that there was any strategy associated with defense counsel's failure to timely renew his objection to the jury as impaneled. Indeed, any such strategy abandoning a built-in reversal on appeal would have been nonsensical. Defense counsel simply erred in believing he had preserved his objection, as found by the hearing judge.
[2] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).