CASANUEVA, Judge.
The State of Florida has appealed from an order granting Roderick Stokes’s motion for postconviction relief. The order in this case was entered after an evidentiary hearing upon remand from our reversal of an earlier summary denial of the motion. Because the court misconstrued our prior opinion in this matter, Stokes v. State, 787 So.2d 99 (Fla. 2d DCA 2001), we must reverse.
Mr. Stokes filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 contending that his counsel was ineffective for failing to investigate circumstances surrounding the victim’s statement to the police. Mr. Stokes faced various charges, including attempted murder, stemming from an episode in which he burst into the victim’s home and shot him at close range with a shotgun. The victim survived and, while being interviewed by an investigating officer at the hospital, allegedly named a person called Ernest or Ernesto as his assailant. The policeman who heard this testimony testified at trial on behalf of the defense. The State impeached his testimony, however, by suggesting that the officer must have been mistaken because the victim spoke only Spanish. Furthermore, the prosecutor contended, an interpreter was present, and the interpreter would be the best person to relate this testimony. Upon hearing this news for the first time, defense counsel did not move for a continuance. Counsel’s failure to interview and subpoena for trial the hospital interpreter, according to Mr. Stokes, rendered his assistance ineffective.
■The postconviction court summarily denied Mr. Stokes’s motion. On appeal, however, our court reversed, stating as follows:
The limited record before this court supports Stokes’s claim that his counsel’s omission was indeed prejudicial. See Gutierrez v. State, 778 So.2d 372 (Fla. 2d DCA 2001). Whether this failure was a strategic decision cannot be determined from the record before this court. It is entirely possible that defense counsel may have made a viable strategic decision to rely on the officer’s statement rather than to subpoena the interpreter. This issue must be resolved by the trial court and will almost certainly require an evidentiary hearing. See Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995).
Stokes, 787 So.2d at 100.
Upon remand, the postconviction court, at the urging of the defense counsel, limited its inquiry to whether trial counsel’s failure to interview or subpoena the interpreter was a matter of strategy. The court did not, as urged by the State, consider whether the failure to do so was prejudicial. Unfortunately, the language of our previous opinion misled the court into believing that we had determined that Mr. Stokes was in fact prejudiced by his *1228 counsel’s omissions relating to the interpreter. However, a reviewing court can find prejudice only in the rarest of cases; seldom will that occur when the court has for review only a limited record. See Bell v. Cone, 535 U.S. 685, 696, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (holding that only when the trial is presumptively unfair and defense counsel has failed to subject the prosecution’s case to “meaningful adversarial testing” can an appellate court reverse on grounds of ineffective assistance of counsel). Furthermore, to establish prejudice in the realm of ineffective assistance of counsel claims, more is required than a simple demonstration that counsel’s performance has had some adverse effect on the matter — as, in this case, the impeachment of the defense witness. Rather, the test is whether the outcome would have been different absent counsel’s unprofessional performance. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This court could not come to that conclusion upon its review of the motion, order, and limited record in the prior appeal.
Because the postconviction court must determine whether Mr. Stokes suffered prejudice from his counsel’s failure to investigate or interview the interpreter, we must reverse and remand for an additional evidentiary hearing. Before holding the hearing, however, the postconviction court may examine and rale upon some procedural issues that it discovered in the course of its prior dealings with this case, including whether this motion was successive or time-barred.
Reversed and remanded for additional proceedings.
DAVIS and KELLY, JJ., concur.