877 So.2d 747 (2004)
STATE of Florida, Appellant,
v.
Anthony G. CHATTIN, Appellee.
No. 2D03-164.
District Court of Appeal of Florida, Second District.
May 26, 2004.
Rehearing Denied July 9, 2004.
*748 Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellant.
Cedric P. Hay of Beil & Hay, P.A., Hudson, for Appellee.
COVINGTON, Judge.
The State appeals from the trial court's order granting Anthony G. Chattin's motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we conclude trial counsel's alleged omissions did not prejudice the outcome of the proceeding, we reverse.
Chattin was convicted of robbery in a 1998 jury trial. During the trial, Chattin's counsel moved to strike five prospective jurors for cause because they stated they could not follow a jury instruction on voluntary intoxication. The trial judge struck three of those prospective jurors but neglected to strike the other two. Chattin's counsel used peremptory strikes to remove those two jurors from the venire.
Subsequently the State peremptorily struck a prospective juror who was African-American. Chattin's counsel objected on equal protection grounds. The trial court asked the State to give its reason for the allegedly racially discriminatory strike. The State responded that during voir dire the prospective juror was nonresponsive and seemed disinterested. The trial court accepted this reason, and counsel did not object further. At the conclusion of trial, Chattin was convicted of robbery and sentenced to fifteen years' incarceration as a prison releasee reoffender.
On direct appeal of his conviction and sentence, Chattin argued that the trial court erred in failing to strike the two jurors for cause and in overruling his equal protection challenge to the State's peremptory strike. Chattin v. State, 779 So.2d 415, 415-16 (Fla. 2d DCA 2000). This court found these two jury selection issues arguably had merit but affirmed because neither issue had been preserved for appellate review. Id. at 416.
Chattin filed a rule 3.850 motion alleging his trial counsel was ineffective for failing to preserve these issues for appeal. The trial court summarily denied both claims, ruling they were not cognizable on a rule 3.850 motion.
Chattin appealed the summary denial, and we reversed and remanded for an evidentiary hearing. Chattin v. State, 800 So.2d 665, 665-66 (Fla. 2d DCA 2001) (citing Thompson v. State, 796 So.2d 511 (Fla.2001) (holding failure to challenge a juror for cause is cognizable in a rule 3.850 motion), and Crumbley v. State, 661 So.2d 383, 384-85 (Fla. 1st DCA 1995) ("[T]he allegation of failing to properly preserve an issue which if well founded would result in a reversal has been held to constitute a preliminary basis for relief pursuant to rule 3.850.")).
At the evidentiary hearing on remand, the trial court mistakenly concluded that the performance and prejudice prongs of *749 Strickland[1] had already been decided by this court in Chattin, 800 So.2d 665. Thus, it believed this court's remand pursuant to Thompson gave it discretion only to decide whether counsel's failures to preserve the jury selection issues were the products of reasonable tactical decisions. The court concluded that it could not rule counsel's actions were reasonable tactical decisions because counsel could not remember the case and the State had not presented any evidence to show counsel's actions were tactical.[2] Consequently, the trial court granted Chattin's motion for postconviction relief and ordered a new trial. The State filed this appeal.
The State argues on appeal, as it did at the evidentiary hearing, that the trial court erred in granting Chattin's rule 3.850 motion because his counsel's actions were tactical. The State further argues that even if the actions were not tactical, the postconviction trial court on remand erred in failing to consider the prejudice prong of Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We reverse based on the latter argument.

ANALYSIS
The first prong of the Strickland test for ineffective assistance of counsel is whether counsel's performance fell "outside the wide range of professionally competent assistance." 466 U.S. at 690, 104 S.Ct. 2052; see also Eure v. State, 764 So.2d 798, 801 (Fla. 2d DCA 2000). If counsel's actions were the result of reasonable trial strategy, they cannot constitute ineffective assistance. Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052. It is the defendant's burden to overcome the presumption that the challenged actions "might be considered sound trial strategy." Id. at 689, 104 S.Ct. 2052 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).
If the defendant shows that counsel's allegedly deficient actions were not the product of reasonable trial strategy and his performance was thus below reasonable professional standards, the defendant then must affirmatively prove the errors or omissions were so prejudicial that they undermine confidence in the outcome of the proceeding. Id. at 694, 104 S.Ct. 2052. Here we apply this second prong in the context of a claim of ineffective assistance of counsel for failure to preserve issues for appellate review. Thus Chattin must show that had his counsel preserved the issues, this court likely would have reversed his conviction on direct appeal. See Eure, 764 So.2d at 801; Rhue v. State, 603 So.2d 613, 615 (Fla. 2d DCA 1992); Austing v. State, 804 So.2d 603, 605 (Fla. 5th DCA 2002); Vaz v. State, 626 So.2d 1022, 1023 (Fla. 3d DCA 1993).
We address only Strickland's prejudice prong because "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." See Strickland, 466 U.S. at 700, 104 S.Ct. 2052. See also Kennedy v. State, 547 So.2d 912, 914 (Fla.1989) ("A court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the *750 prejudice component is not satisfied."); Griffin v. State, 866 So.2d 1 (Fla.2003). Since we conclude that neither of counsel's alleged omissions meets the requirements of Strickland's prejudice prong, we need not address whether counsel's performance was deficient or was the product of reasonable trial strategy.

PREJUDICE
The trial court failed to address Strickland's prejudice requirement because it misconstrued our prior decision in Chattin, 800 So.2d 665, as precluding it from doing so. Consequently, we must reverse. See State v. Stokes, 848 So.2d 1226 (Fla. 2d DCA 2003) (reversing because postconviction court misconstrued district court's prior decision as precluding trial court's consideration of prejudice prong). The record before us shows there is no reasonable probability that counsel's failure to preserve the two issues for appeal prejudiced the outcome of the proceeding. Chattin's claim with regard to the two prospective jurors whom the trial court failed to strike for cause cannot be deemed prejudicial because they ultimately did not serve on the jury. See Thompson, 796 So.2d at 517 n. 8 (declining to address trial counsel's alleged deficient performance in failing to challenge potential juror who never served on jury).
Chattin's remaining claim, that his counsel was ineffective for failing to preserve his objection to the State's peremptory strike, also fails the prejudice prong. The record before us includes the voir dire transcript, from which we conclude that both counsel and the court followed the proper procedure regarding the disputed peremptory challenge.[3]See Melbourne v. State, 679 So.2d 759, 764 (Fla.1996); Jeffries v. State, 797 So.2d 573, 580 (Fla.2001). Chattin's counsel objected to the peremptory strike on equal protection grounds. The trial court asked the State to give its reason for the allegedly racially discriminatory strike. The State responded that during voir dire the prospective juror was nonresponsive and seemed disinterested.
The trial court accepted this reason, and Chattin's counsel did not object further. We cannot say the trial court's decision to accept the State's race-neutral reason for the peremptory strike as genuine was clearly erroneous. See Estate of Youngblood v. Halifax Convalescent Ctr., Ltd., 874 So.2d 596, 601 (Fla. 5th DCA 2004) (affirming trial court's decision to allow peremptory strike where counsel gave race-neutral reason that venireperson's physical gestures showed bias, where gestures were not documented on record but were accepted by trial court); Jeffries, 797 So.2d at 580. Accordingly, we hold this claim fails to meet Strickland's prejudice prong because there is no reasonable probability that had counsel preserved this issue, Chattin would have prevailed on appeal.
We reverse the trial court's order granting Chattin's motion for postconviction relief and remand with directions to reinstate his judgment and sentence.
ALTENBERND, C.J., and CANADY, J., Concur.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[2] The trial court erred as a matter of law in improperly shifting to the State the burden to prove that Chattin's counsel's actions were a product of reasonable trial strategy. The State was not required to present such proof since there is a "strong presumption of reasonableness" that must be overcome by the movant. See Cabrera v. State, 766 So.2d 1131, 1133 (Fla. 2d DCA 2000). Because we decide this case on the prejudice prong, however, we need not address whether, under the proper standard, counsel's actions could have constituted reasonable strategy.
[3] This case is distinguishable from Dorsey v. State, 868 So.2d 1192 (Fla.2003), in which the supreme court held that "a potential juror's nonverbal behavior, the existence of which is disputed by opposing counsel and neither observed by the trial court nor otherwise supported by the record, is not a proper basis to sustain a peremptory challenge as genuinely race neutral." Here, opposing counsel did not dispute the existence of the nonverbal reason.