PETERSON, J.
Gregory J. LeBron appeals the denial of his motion pursuant to Florida Rule of Criminal Procedure 3.850, which raised twenty-one grounds for relief. The primary basis of the denial was that the motion was not filed within the two-year period prescribed by the rule.
LeBron’s direct appeal of his conviction and sentence became final when the mandate affirming them was issued by this court on October 12, 2001. LeBron, who is incarcerated, certified that he delivered his motion to prison officials on October 10, 2003, although the trial court found that it was untimely filed on October 20, 2003. Application of the mailbox rule deems the motion to have been filed when delivered to prison officials for mailing and unless the trial court finds that the motion was not delivered to the prison officials within that two-year period, the motion should be entertained.
Because we are unsure as to whether the trial court appropriately considered the twenty-one grounds for relief set forth in the motion in view of the finding of untimeliness, we remand for further proceedings. We specifically direct the trial court’s attention to ground number VIII which alleged that trial counsel was ineffective for failing to strike a juror who allegedly stated that LeBron “must be guilty of something, if the State accused him of a crime” and that “a defendant is presumed guilty, and should have to prove his innocence.”
In Walker v. State, 765 So.2d 854 (Fla. 5th DCA 2000), which involved analogous facts, this court determined that the defendant’s claim was facially sufficient when it alleged that trial counsel failed to challenge a juror who allegedly knew the state’s key witness. The alleged facts in the instant case appear to us stronger than those in Walker. See also Austing v. State, 804 So.2d 603 (Fla. 5th DCA 2002); Thomas v. State, 700 So.2d 407 (Fla. 4th DCA 1997).
Accordingly, we vacate the order denying relief and remand for further review of LeBron’s motion to include the issue of timeliness of filing of the motion under the mailbox rule and to determine the sufficiency of the motion if found to be timely filed.
ORDER VACATED AND REMANDED.
SAWAYA, C.J., and GRIFFIN, J., concur.