603 So.2d 613 (1992)
Ronald Anderson RHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04128.
District Court of Appeal of Florida, Second District.
July 31, 1992.
*614 Robert H. Dillinger, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Ronald Rhue appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
This is a capital sexual battery case in which there were no eyewitnesses apart from the minor victim and the assailant, and little or no physical evidence of either the alleged criminal act or appellant's part in it. The child victim inconsistently related the details of the incident several times prior to trial. The state's case-in-chief relied heavily on hearsay statements admitted pursuant to section 90.803(23), Florida Statutes (1989).
Appellant contends that his trial attorney rendered ineffective assistance. The motion sets forth fifteen separate acts or omissions. Of these fifteen claims, eleven are either insufficient on their face or refuted by the record, and we affirm the denial of relief as to those grounds. We remand for further proceedings with regard to the four claims discussed below.
Three of the claims involve matters which ordinarily should be reviewed on plenary appeal, if at all. In fact, appellate counsel did argue some of these same issues.[1] However, it is now asserted that trial counsel neglected to make a contemporaneous objection at trial, thereby undercutting his chances for success on appeal.
For example, appellant first asserts that the child victim was not competent to testify and that counsel was ineffective for failing to challenge his testimony on this ground. See, e.g., Arencibia v. State, 539 So.2d 531 (Fla. 3d DCA 1989). This portion of appellant's motion notes several "red flags" which should have triggered such an objection, including the child's alleged inability, at deposition, to distinguish between the truth and a lie.
Second, appellant claims that trial counsel failed to object when witnesses were asked and allowed to express opinions of the child's truthfulness. Not even an expert witness may offer an opinion as to this ultimate question of fact. Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. *615 denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Page v. Zordan By and Through Zordan, 564 So.2d 500 (Fla. 2d DCA 1990).[2] Similarly, appellant contends that counsel should have objected to the admission of his taped interview with police, during which appellant was asked "if he thought the child was making up the story," and when the state asked him on cross-examination if the child was lying. Under certain circumstances, such questioning can constitute reversible error. Mosley v. State, 569 So.2d 832 (Fla. 2d DCA 1990).
A third claim concerns the admission into evidence of a taped statement given by the child prior to the trial. As a trial exhibit, this tape was allowed into the jury room where, conceivably, its replay could place undue emphasis on this portion of the state's offer of proof. Cf. United States v. Binder, 769 F.2d 595 (9th Cir.1985) (videotaped testimony). Once more, no objection was lodged.
The failure to preserve issues for appellate review can constitute ineffective assistance of counsel. Martin v. State, 501 So.2d 1313 (Fla. 1st DCA 1986); Crenshaw v. State, 490 So.2d 1054 (Fla. 1st DCA 1986). Of course, the so-called "Strickland test" would apply here, as with any other claim of ineffective assistance.[3] For appellant to prevail, he would have to demonstrate in support of his motion that counsel had no excuse for overlooking the objections and that the outcome of the case would likely have been different had the objections been made.[4] We hold only that appellant's motion, as to these three claims, sets forth a prima facie showing of his entitlement to relief, and that the attachments to the trial court's order of denial do not conclusively refute these portions of the motion.
Additionally, we believe further inquiry is warranted regarding appellant's claim that defense counsel failed to reveal a potential conflict of interest. According to the motion both counsel and the state's psychologist witness were members of a "child protection team" organized to provide "an integrated professional response to deal with the problems that arise when a child has allegedly been sexually abused by an adult." Cf. Harich v. State, 542 So.2d 980 (Fla. 1989) (defense counsel also an "honorary deputy sheriff").
After remand the trial court should reexamine the files and records in this case in an effort to determine whether anything therein conclusively refutes the four claims discussed in this opinion. If so, the court may again deny the motion, attaching to its order the exhibits it has relied upon. Otherwise an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further review.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] Appellant's conviction was affirmed without opinion. Rhue v. State, 541 So.2d 1181 (Fla. 2d DCA 1989).
[2] In its response to the motion for postconviction relief, the state argues that the opinion testimony of its crucial psychologist witness was admissible under Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), rev'd on other grounds, 507 So.2d 588 (Fla. 1987). The trial court apparently made an explicit finding to this effect when denying appellant's motion for new trial. Since the present appeal is being decided under appellate rule 9.140(g), we are confined to the limited record now before us, which is insufficient to refute conclusively this portion of appellant's motion. In any event, appellant asserts that witnesses other than the psychologist also offered their opinion that the child testified truthfully.
[3] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[4] Conceivably a trial attorney could knowingly foreswear a well-taken objection because he or she believed the trial, overall, was going well and was providing the client's "best shot" at acquittal. Even so, once a defendant demonstrates the occurrence of a potentially prejudicial omission, the court should not assume that it was merely a matter of strategy. Such a finding is rarely appropriate for summary denial; instead, counsel generally should be heard from, and if necessary cross-examined, as to whether a decision truly was "tactical." Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990).