746 So.2d 1209 (1999)
Ernest WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2911.
District Court of Appeal of Florida, Fifth District.
December 17, 1999.
*1210 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Ernest Wilson appeals the judgment and sentence imposed following a jury verdict finding him guilty of robbery.[1] He raises a number of arguments, only one of which requires reversal.[2]
Over defense objection, the trial court sent a written copy of the definitions of the crimes charged back to the jury room when the jury retired for deliberations. On appeal, Defendant argues that the act of giving the jury only the written definitions, without also providing it with a copy of all of the instructions, requires reversal as it violates the mandatory language of Florida Rule of Criminal Procedure 3.400. Rule 3.400(a) provides in pertinent part:
(a) Discretionary Materials. The court may permit the jury, upon retiring for deliberation, to take to the jury room:
* * *
(3) in noncapital cases, any instructions given, but if any instructions [sic] is taken all the instructions shall be taken;....
We agree that anything less than literal compliance with rule 3.400 requires reversal. See, e.g., Bowe v. State, 600 So.2d 26 (Fla. 4th DCA 1992) (reversible error to give the jury written instruction only on charge requested; reversible error occurs when a court fails to strictly comply with rule); Zarattini v. State, 571 So.2d 553 (Fla. 4th DCA 1990) (submission to jury of only the written instruction on possession, in response to jury's request, was reversible error in cocaine prosecution); Simmons v. State, 541 So.2d 171 (Fla. 4th DCA 1989) (reversible error to furnish the jury with only a portion of the jury instructions in writing); Morgan v. State, 377 So.2d 212 (Fla. 3d DCA 1979) (reversible error to submit some, but not all, of the standard jury instructions to the jury in writing), cert. denied, 389 So.2d 1115 (Fla.1980); Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974) (even in the absence of objection, it was reversible error to give the additional instruction in response *1211 to question from the jury without repeating the complete instructions on the subject involved; error was compounded by permitting that portion of the instructions to be taken into the jury room without the entire instructions).[3]
REVERSED and REMANDED for further proceedings.
GOSHORN, GRIFFIN, JJ., and McNEAL, R., Associate Judge, concur.
NOTES
[1] § 812.13(2)(c), Fla. Stat. (1997).
[2] We specifically reject Defendant's argument that the trial court erred by denying his motion for a pretrial line-up. See State v. Kuntsman, 643 So.2d 1172 (Fla. 3d DCA 1994) (quashing order compelling witness to view photo line-up in absence of strong or compelling reason); State v. Cobb, 619 So.2d 1056 (Fla. 5th DCA 1993) (quashing order compelling state's witness to attend pre-trial line-up).
[3] The Second District has also addressed the issue. In Pettit v. State, 612 So.2d 1381 (Fla. 2d DCA 1992), the court found that although reversal would ordinarily have been required based on the court's provision to the jury of only some of the written instructions, it would not be ordered in that case because defense counsel had affirmatively led the court into error.