779 So.2d 497 (2000)
Todd A. VAN LOAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4724.
District Court of Appeal of Florida, Second District.
December 6, 2000.
Rehearing Denied February 7, 2001.
*498 Frederick W. Vollrath, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Todd A. Van Loan has raised two issues in his appeal from his conviction and sentence for attempted second-degree murder. We affirm his conviction but remand for a new sentencing.
In 1997 Mr. Van Loan was charged with attempted first-degree murder. Following a jury trial he was convicted of attempted second-degree murder and sentenced to imprisonment for a term of 11.7 years. His conviction was subsequently reversed. Following that appeal, Mr. Van Loan was retried in 1999, before a different judge, and he was again found guilty of attempted second-degree murder. The second judge sentenced him to imprisonment for fifteen years, a departure from the recommended guidelines range.
Mr. Van Loan has challenged his convictions based on an allegedly incorrect procedure the trial judge used to reinstruct the jury on elements of the charges in response to a question the jury submitted during their deliberations. The jury asked to see a closing argument exhibit prepared by the State which set forth the legal elements of proof for the pending charges. The trial court appropriately refused to send the exhibit back but indicated an intention to provide the jury with a copy of the jury instructions, including aggravated battery and battery. In response to the *499 trial court's proposal, defense counsel requested that the jury be provided also with the instructions for excusable and justifiable homicide. The trial court agreed, indicating that those instructions were subsumed within his proposal. Following that exchange the defense attorney stated, "I'm going to object to anything else being given to them at this point."
The record reflects that later, following a recess, a discussion ensued regarding the language of an instruction. The State and trial judge conceded that a defense objection was proper; then, at the conclusion of the conference, the trial court inquired, "Any problem with that?" Defense counsel responded, "Other than my original objection that I didn't want anything to go back." The trial court noted counsel's statement and then provided the jury with copies of the elements of the offenses along with excusable and justifiable homicide.
Mr. Van Loan now contends that the trial court's submission of only a portion of the charges to the jury violated Florida Rule of Criminal Procedure 3.400(a). Providing the jury with a copy of the jury instructions is discretionary; however, when any instruction is given the rule requires that "all the instructions shall be taken" to the jury room. Fla. R.Crim. P. 3.400(a)(3).[1] An identical issue was presented in Wilson v. State, 746 So.2d 1209 (Fla. 5th DCA 1999), wherein the defendant argued that providing the jury with only the written definition of the charges, without also furnishing a copy of all the instructions, violated the mandatory provisions of Florida Rule of Criminal Procedure 3.400(a)(3). The Fifth District agreed, stating that "anything less than literal compliance with rule 3.400 requires reversal." Wilson, 746 So.2d at 1210; accord Bowe v. State, 600 So.2d 26 (Fla. 4th DCA 1992) (finding reversible error when the trial court failed to comply strictly with the procedure mandated by rule 3.400(c), the predecessor to rule 3.400(a)(3)). In Pettit v. State, 612 So.2d 1381, 1383 (Fla. 2d DCA 1992), this court observed that it "was error for the trial court to give the jury only some of the written instructions." Normally, we noted, this would be reversible error; however, in Pettit defense counsel invited the error.
For appellate review, an issue can only be preserved if the objection is sufficiently precise. See § 924.051(1)(b), Fla. Stat. (1999). Here, the record is conspicuously silent. At no juncture of the proceeding was the demand of rule 3.400(a)(3) placed before the trial court for ruling. Defense counsel cited neither the rule nor its mandate that all instructions be given to the jury. From our review of the record, it appears that defense counsel's goal was to insure that the lesser-included crimes as well as the definitions of excusable and justifiable homicide were again placed before the jury. In this regard the defense succeeded. We do not read this record to indicate that trial counsel's objection was predicated upon rule 3.400(a)(3). Accordingly, on this issue, we affirm.
We next address two sentencing issues. Mr. Van Loan was sentenced to a lengthier term of incarceration following his appeal than he had received following the first trial and he contends that such a sentence is unconstitutional. We have found no provision of either the Florida or United States Constitution that requires a sentencing judge to disregard relevant, objective information that would justify the imposition of a legal sentence, even if greater than one initially imposed. However, the Fourteenth Amendment's Due Process Clause does forbid the imposition *500 of a vindictive sentence. To insure compliance with the mandates of the Due Process Clause, the United States Supreme Court has stated:
In order to assure the absence of such a motivation [of vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
These requirements do not apply in every instance where a more severe sentence is imposed on retrial. In Texas v. McCullough, 475 U.S. 134, 140, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Supreme Court reexamined the Pearce rule and found that the presumption of vindictiveness as set forth in Pearce was inapplicable where "different sentencers assessed the varying sentences." McCullough, 475 U.S. at 140, 106 S.Ct. 976. See also Graham v. State, 681 So.2d 1178 (Fla. 2d DCA 1996) (finding that, because the second sentence was not imposed by the same judge who imposed the original sentence, the defendant has the burden of proving actual vindictiveness). The McCullough case also permits the trial court to consider all evidence relevant to sentencing, whether known or unknown at the time of the original sentencing procedure. 475 U.S. at 141-42, 106 S.Ct. 976. As suggested in Pearce, this information may come from a variety of sources. However, because proven, actual vindictiveness violates the Due Process Clause, it is important for trial judges to follow the instructions set forth in Pearce: that is, a new sentencer should insure that the record provides logical and nonvindictive reasons for the sentence to insure proper review on appeal.
Although we cannot say that Mr. Van Loan has demonstrated actual vindictiveness by the trial judge, we do find that the judge erred in imposing a sentence in excess of the guidelines. Identifying on the record the specific factual basis for a legal guidelines departure sentence is a prerequisite to its validity. This is particularly so when the judge finds that departure is warranted on grounds, such as excessive brutality or the "heinous, atrocious and cruel" nature of the crime, that are typically analyzed on a case-by-case basis. See § 921.0016(3)(b), Fla. Stat. (1997); Semenec v. State, 698 So.2d 900, 901 (Fla. 4th DCA 1997). Compare Bellamy v. State, 677 So.2d 390 (Fla. 2d DCA 1996) (holding that the preponderance of the evidence did not demonstrate that the homicide was committed in an "especially heinous, atrocious or cruel manner") with Brown v. State, 611 So.2d 540, 544 (Fla. 3d DCA 1992) (finding that the amount of force used by the defendant was a valid reason for departure where the victim was "beaten beyond recognition"). Here, the trial judge never pointed to specific facts that would justify an upward departure, commenting only that he "believed that the offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel" and that the "victim certainly had to have suffered extraordinary physical injury ... or was treated with particular cruelty." These conclusory statements do not satisfy the requirement that the reasons for departure be shown by a preponderance of the evidence. See Bellamy; Small v. State, 667 So.2d 299 (Fla. 1st DCA 1995).
Accordingly, because the trial judge erred by imposing a departure sentence for reasons not supported by specific facts in the record, we reverse Mr. Van Loan's sentence and remand for resentencing within the guidelines.
*501 Affirmed in part; reversed in part; remanded for resentencing.
PATTERSON, C.J., and ALTENBERND, J., Concur.
NOTES
[1] Trial judges who exercise their discretion to furnish the jury with copies of charges might wish to consider adopting a procedure that includes photocopying a set of instructions for each juror and asking the jury to follow along as the charges are read. In this way the jurors could take in the legal concepts both visually and auraly, a process that could enhance their understanding and memory.