847 So.2d 598 (2003)
Steven BOUCHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-552.
District Court of Appeal of Florida, Second District.
June 20, 2003.
*599 SALCINES, Judge.
Steven Bouchard appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Bouchard claimed that his trial counsel was ineffective for failing to object when the trial court provided the jury with a partial copy of the jury instructions. He claimed that his conviction would have been reversed if his counsel had preserved the issue for appeal. Because the record does not refute Bouchard's claim, we reverse and remand for further proceedings.
The failure to preserve a potentially reversible error for appeal may constitute ineffective assistance of counsel. See Daniels v. State, 806 So.2d 563 (Fla. 4th DCA 2002). Under certain circumstances, it is reversible error for the trial court to provide the jury with a copy of only a portion of the jury instructions; if the trial court provides the jury with any written instructions, it must provide the jury with all of the instructions. Van Loan v. State, 779 So.2d 497 (Fla. 2d DCA 2000); Pettit v. State, 612 So.2d 1381 (Fla. 2d DCA 1992); Wilson v. State, 746 So.2d 1209 (Fla. 5th DCA 1999); Fla. R.Crim. P. 3.400(a)(3). Therefore, if only partial written instructions were given to the jury, and trial counsel failed to preserve the issue for appeal, trial counsel was ineffective.
The trial court denied the claim on the basis that the trial court provided the jury with a copy of all the jury instructions. While the record indicates that copies of the instructions on the elements and voluntary intoxication were given to the jury, Bouchard claims, and the State concedes, that other jury instructions were not provided to the jury. Since the record does not refute Bouchard's claim, we reverse and remand for the trial court to conduct an evidentiary hearing or provide record attachments that conclusively refute Bouchard's claim.
Reversed and remanded.
COVINGTON and KELLY, JJ., Concur.