872 So.2d 330 (2004)
Todd A. VAN LOAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1854.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*331 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Todd A. Van Loan appeals the denial, after an evidentiary hearing, of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although Van Loan raised several grounds in support of his motion, only one ground merits discussion. Van Loan argues that his defense counsel rendered ineffective assistance by failing to make an appropriate objection to the trial court's submission of written instructions to the jury for only a portion of the charges. We agree and, accordingly, reverse and remand for a new trial.
During the jury deliberations at Van Loan's trial, the jury asked to see a closing argument exhibit prepared by the State that set forth the legal elements of proof for the pending charges. Instead of sending the exhibit back to the jury room, the trial court proposed that the jury be given a written copy of the jury instructions, including instructions on aggravated battery and battery. In response, defense counsel requested that "every bit of it go back," including instructions on excusable and justifiable homicide. Defense counsel then stated, "I'm going to object to anything else being given to them at this point." Ultimately, the trial court gave the jury an incomplete set of written instructions. Van Loan was convicted of attempted second-degree murder.
On his direct appeal, Van Loan challenged his conviction based on the procedure the trial court used to reinstruct the jury on the elements of the crime charged and of the lesser-included offenses. Van Loan v. State, 779 So.2d 497 (Fla. 2d DCA 2000). In Van Loan, this court observed, "From our review of the record, it appears that defense counsel's goal was to insure that the lesser-included crimes as well as the definitions of excusable and justifiable homicide were again placed before the jury." Id. at 499. After finding that defense counsel did not cite to a rule or request that all of the instructions be given to the jury, this court concluded that defense counsel's objection was not based upon Florida Rule of Criminal Procedure 3.400(a)(3) and thus was not sufficiently precise to preserve the matter for appellate review. Id. The court affirmed Van Loan's conviction. Id.
*332 In his motion for postconviction relief, Van Loan argued that his trial counsel's performance was deficient because she failed to make a proper objection and preserve for review the issue of incomplete jury instructions. At the evidentiary hearing, defense counsel explained that she wanted the jury to get either a full set of instructions or none at all. However, defense counsel conceded that her objection as stated did not clearly reflect her intentions.
After an evidentiary hearing, the court found defense counsel's performance deficient because she failed to present a clear and concise objection to the incomplete set of written jury instructions. However, after comparing the entire set of jury instructions to the partial set of instructions provided to the jury, the court concluded that there was no reasonable probability that the jury would have rendered a not guilty verdict or a verdict for a lesser-included offense if the omitted jury instructions had been provided. Because the court determined that Van Loan had not proven that counsel's deficient performance was prejudicial, the court denied Van Loan's claim of ineffective assistance.
To succeed on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test described in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must identify particular acts or omissions of the lawyer that were outside the broad range of reasonably competent performance under prevailing professional standards. Second, the defendant must show that the lawyer's deficient performance prejudiced the defense, so affecting the fairness and reliability of the proceedings that confidence in the outcome is undermined. Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986). The issues of deficient performance and prejudice each present mixed questions of law and fact. See Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999). Therefore, we must defer to the trial court's factual findings when they are supported by competent, substantial evidence but independently review the trial court's legal conclusions. See id. at 1034.
Based upon defense counsel's concession that her objection did not clearly reflect that she wanted either a full set of instructions sent back to the jury or none at all, we conclude that the trial court properly determined that defense counsel's performance was deficient. Nevertheless, the trial court incorrectly determined that counsel's deficient performance was not prejudicial. Prior cases interpreting rule 3.400 have required trial courts to comply strictly with the requirement of subsection (a)(3) that if any instructions are sent back to the jury room during deliberations then all instructions must be sent. See, e.g, Wilson v. State, 746 So.2d 1209, 1210 (Fla. 5th DCA 1999) (stating that "anything less than literal compliance with rule 3.400 requires reversal"). In the present case, if defense counsel had properly objected to the incomplete jury instructions, the issue would have been preserved for appellate review and a reversal would have resulted. See Van Loan, 779 So.2d at 499; Pettit v. State, 612 So.2d 1381, 1383 (Fla. 2d DCA 1992). Defense counsel's failure to preserve for appeal an error that would have resulted in reversal constituted ineffective assistance of counsel. Because Van Loan's counsel provided ineffective assistance, Van Loan is entitled to relief in the form of a new trial.
Reversed and remanded for a new trial.
SALCINES and COVINGTON, JJ., Concur.