915 So.2d 1256 (2005)
Robert CARRATELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-973.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
*1257 Marcia J. Silvers of Dunlap & Silvers, P.A., Miami, and Roy Black of Black, Srebnick, Kornspan & Stumpf, P.A., Miami, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
GROSS, J.
Robert Carratelli appeals the summary denial of his motion for postconviction relief *1258 filed pursuant to Florida Rule of Criminal Procedure 3.850.
After a jury trial, Carratelli was convicted of six counts of vehicular homicide. In Carratelli v. State, 832 So.2d 850 (Fla. 4th DCA 2002), rev. denied, 848 So.2d 1153 (Fla.2003), this court affirmed the convictions. We found that the trial court had abused its discretion in denying Carratelli's cause challenges to three jurors. However, we affirmed the conviction because Carratelli's trial counsel had not preserved his objection to the denial of his cause challenges. Id. at 855.
Carratelli's postconviction relief motion claimed ineffective assistance of trial counsel for his failure to preserve the cause challenge issue for direct review. The circuit court denied the motion.
We affirm, holding that the record does not demonstrate that the failure to sufficiently preserve a cause challenge resulted in a biased juror serving on the jury. Therefore, Carratelli cannot show the prejudice which is required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to justify postconviction relief.
Due to the media coverage in this case, the voir dire was extensive. The trial court improperly denied Carratelli's cause challenges to three jurors whose "responses created a reasonable doubt as to their ability to sit as fair and impartial jurors." Carratelli, 832 So.2d at 855. The trial judge allowed Carratelli two additional peremptory challenges. After using his last peremptory challenge, Carratelli's trial counsel did not request additional peremptory challenges. Even if counsel's oblique reference[1] to peremptory challenges could have been construed as a motion, counsel failed to obtain a ruling on that issue from the trial court. Id. at 856. For these reasons, we held that Carratelli had not sufficiently raised his objection to juror Inman, who served on the jury, so that he failed to preserve for appellate review any error arising from the denial of his juror challenges for cause. Id. at 852.
On direct appeal, the erroneous denial of a preserved cause challenge is reversible error, without any inquiry into harmless error or prejudice. When the failure to raise or preserve a cause challenge arises in a postconviction relief claim, the question of prejudice is central to the outcome.
This case is controlled by Jenkins v. State, 824 So.2d 977 (Fla. 4th DCA 2002). Jenkins was a postconviction relief case where the defendant contended that his lawyer was ineffective for failing to raise a cause challenge to a juror who served on his jury. Id. at 980. Jenkins is thus similar to this case in an important wayboth cases involve a lawyer's failure to preserve a cause objection to a juror for direct appeal. Both a failure to preserve an objection and the failure to raise one result in an issue not properly presented to the trial court for a ruling.
In Jenkins, we observed that a "lawyer's competence in failing to make a cause challenge should not be reviewed in a 3.850 proceeding in the same way that a denial of a cause challenge is reviewed on direct appeal. To do so is to undermine the trial process and to nullify the reasons for requiring a timely objection in the first place." Id. at 982. The supreme court has specified the rationale for requiring a contemporaneous objection at trial:

*1259 The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Castor v. State, 365 So.2d 701, 703 (Fla.1978).
In Jenkins, we explained why the legal system requires a timely and proper objection regarding cause challenges:
The requirement of a timely objection to preserve the denial of a cause challenge for appeal serves a number of functions in our legal system. An objection during jury selection promotes judicial economy by allowing the court to remove an unqualified juror before the trial has begun, when other jurors are available for selection. A timely objection alerts the court and the other party to a problem, making possible further questioning to shed light on a potential juror's fitness to serve. A ruling on a juror's qualifications may turn on the way a juror answers a question; a trial judge is best able to evaluate a juror's qualifications when the juror's facial expression and tone of voice are fresh in the judge's mind. Seating a juror who does not pass the Singer [v. State, 109 So.2d 7 (Fla.1959)] test for juror competency creates an error not subject to harmless error analysis. For this reason, it is important for a court to rule on a juror's qualifications before a trial begins.
Finally, requiring the parties to voice challenges to objectionable jurors places the power of the jury selection in the hands of the parties, not the judge. The "methods of jury voir dire are subjective and individualistic." ... A legal system that routinely used post-conviction relief as a vehicle for second guessing juror qualifications in the absence of a timely objection would encourage trial judges to intervene in the jury selection process and impose their views regarding which jurors satisfied objective standards of fairness.
Jenkins, 824 So.2d at 980-981 (internal citations omitted). To this we add that jury selection is a dynamic, evolving process where a lawyer's evaluation of jurors turns on those who have been seated and those potential jurors who might be called if a challenge is exercised. For this reason, the Florida supreme court has required trial attorneys to renew an earlier objection to a juror before the jury is sworn. See Joiner v. State, 618 So.2d 174, 175 (Fla.1993);[2]Zack v. State, 911 So.2d 1190 (Fla.2005) (most recent case reaffirming Joiner, holding that a Neil issue "is not preserved for appellate review if the party objecting to the challenge fails to renew the objection before the jury is sworn").
For a lawyer's assistance to be "so defective as to require reversal of a conviction," Strickland, 466 U.S. at 687, 104 S.Ct. 2052, requires proof of two elements:
First, the defendant must show that counsel's performance was deficient.

*1260 This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Where a lawyer's incompetence involves the failure to exercise or preserve a cause challenge, the proper inquiry for deciding whether prejudice under Strickland has occurred is not to ask whether the trial court would have sustained the challenge had it been made at trial, or whether the appellate court would have reversed the conviction had the objection been preserved. The Strickland requirement of actual prejudice imposes a stringent test for granting postconviction relief based on the failure to preserve a cause objection to a juror.
The test is whether the failure to preserve a challenge to a juror by sufficiently bringing the objection to the trial judge's attention "resulted in a biased juror serving on the jury." Jenkins, 824 So.2d at 982; see Goeders v. Hundley, 59 F.3d 73, 75 (8th Cir.1995) (holding that where a claim of ineffective assistance of counsel is grounded in the claim that counsel failed to strike a biased juror, a defendant "must show that the juror was actually biased against him") Hughes v. United States, 258 F.3d 453, 458 (6th Cir.2001) (citing Goeders). As we explained in Jenkins,
The nature of the juror's bias should be patent from the face of the record. Only where a juror's bias is so clear can a defendant show the necessary prejudice under Strickland, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; accord Mickens v. Taylor, 535 U.S. 162, 166, 122 S.Ct. 1237, 1240, 152 L.Ed.2d 291 (2002).
824 So.2d at 982. Thus, to satisfy the prejudice prong of Strickland, a defendant must show that a juror who served on the jury "was actually biased against him." Miller v. Webb, 385 F.3d 666, 674 (6th Cir.2004) (internal citations omitted).
"Jurors need not be totally ignorant of the facts and issues involved in the case." Miller v. Francis, 269 F.3d 609, 616 (6th Cir.2001) (internal citations omitted). Nor does "[a] juror's express doubt as to her own impartiality on voir dire ... necessarily entail a finding of actual bias." Hughes, 258 F.3d at 458. As the federal sixth circuit court of appeals has written:
The Supreme Court has upheld the impaneling of jurors who had doubted, or disclaimed outright, their own impartiality on voir dire. In Patton v. Yount, 467 U.S. 1025, 1032, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984), the Supreme Court found that the trial court did not commit "manifest error" when finding jury members to be impartial. Eight of the fourteen jurors in question, due to pretrial publicity, "admitted that at some time [prior to trial] they had formed an opinion as to [defendant's] guilt." Patton, 467 U.S. at 1029-30, 104 S.Ct. 2885. One of the impaneled jurors "stated at voir dire that he would have required evidence to change his mind about [defendant's] guilt." Id. at 1030-1031, 104 S.Ct. 2885.
In Murphy v. Florida, 421 U.S. 794, 803, 95 S.Ct. 2031, 44 L.Ed.2d 589, the Supreme Court found that defendant had "failed to show that ... the jury-selection *1261 process of which he complains permits an inference of actual prejudice." One juror in Murphy agreed, on voir dire, with the characterization that "[m]y experience of [defendant] is such that right now I would find him guilty." Id. at 802, 95 S.Ct. 2031. Another juror responded during voir dire that defendant's prior convictions would "probably" influence her verdict. A third juror conceded that "it would be difficult, during deliberations, to put out of [the juror's] mind that [defendant] was a convicted criminal". Id. at 805-807, 95 S.Ct. 2031 (Brennan, J., dissenting).
Hughes, 258 F.3d at 458.
In Jenkins, we analogized the finding of "actual bias" in postconviction relief to a finding of fundamental or manifest error on direct appeal; both standards allow for relief in the absence of a proper objection in the trial court. 824 So.2d at 982. If, as the Florida supreme court has held, the failure to make a timely and proper objection does not preserve an objection to a juror's qualifications, then the error is not a fundamental one in all cases. Id. And if a lawyer's error did not result in the seating of an actually biased juror, the legal equivalent of fundamental error, then postconviction relief is not appropriate.
From a practical standpoint, a jury selection error justifying postconviction relief is so fundamental and glaring that it should have alerted a trial judge to intervene, even in the absence of a proper objection, to prevent an actually biased juror from serving on the jury, thereby irrevocably tainting the trial. Where reasonable people could disagree about a juror's fitness to serve, the showing of prejudice required for postconviction relief is lacking.
In this case, none of the three jurors whom Carratelli challenged for cause served on the jury. The only juror objectionable to Carratelli who actually served was juror Inman.[3] Before being called for jury duty, he overheard conversations about the case and read about it in the newspapers. He told the trial judge that he "absolutely" would be willing to "listen" to medical testimony. Inman assured the judge that if he was seated as a juror, he would "sit down with an open slate and listen to what is said and make up my mind from there." Carratelli, 832 So.2d at 863 (Hazouri, J., concurring). After questioning Inman, the trial judge denied a challenge for cause. Juror Inman's slight familiarity with the case did not rise to that level of actual bias necessary for postconviction relief. See Miller, 269 F.3d at 616-17 (holding no showing of actual bias where juror expressly indicated that she could decide case impartially). "We have great confidence in the tendency of jurors to do the right thing after hearing the evidence in a case and being instructed on the law from the judge." Jenkins, 824 So.2d at 983.
Carratelli relies upon Davis v. Secretary for Department of Corrections, 341 F.3d 1310 (11th Cir.2003). There a state peremptory challenge was improperly permitted over a Neil[4] objection. Davis v. State, 710 So.2d 723, 724 (Fla. 3d DCA 1998). *1262 However, the defense objection was not properly preserved, because defense counsel did not renew his objections before the swearing in of the jury. Davis, 341 F.3d at 1312 n. 3; see Joiner, 618 So.2d at 174. Due to the lack of preservation, the third district affirmed the conviction. Davis, 710 So.2d at 724.
The eleventh circuit concluded that defense counsel had "performed deficiently" in failing to preserve the Neil objection. Davis, 341 F.3d at 1314. Addressing the prejudice component of Strickland, the court held that the "appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Id. at 1316. Believing that the conviction would have been reversed had the Neil objection been preserved, the eleventh circuit granted postconviction relief, ordering the district court to grant Davis a "writ of habeas corpus conditioned on the state's provision of either a new trial or an opportunity to take an out-of-time appeal" where the Neil issue "could be decided by the state courts on the merits." Id. at 1317.[5]
We disagree with the eleventh circuit's reasoning for two reasons.
First, we do not agree with Davis' characterization of a failure to preserve a trial objection as a failure in trial counsel's "separate and distinct role of preserving error for appeal," as opposed to a failure of trial advocacy. Id. at 1315. The requirement of preservation is central to the trial process. Although we acknowledge the importance of a decision of the eleventh circuit involving postconviction relief, we have concluded that Davis has misinterpreted the Florida supreme court's decision in Joiner.
In Joiner, as in Davis, the issue was whether there had been a sufficient objection to the trial court allowing the state to exercise a peremptory challenge to a juror. Joiner held that it was not only necessary to object at the time of the strike, but that it was also necessary to renew the objection "immediately prior" to the jury being sworn. Joiner, 618 So.2d at 176. In the absence of such a renewal, the supreme court explained:
It is reasonable to conclude that events occurring subsequent to his objection caused [Joiner] to be satisfied with the jury about to be sworn.... Had Joiner renewed his objection or accepted the jury subject to his earlier Neil objection, we would rule otherwise. Such action would have apprised the trial judge that Joiner still believed reversible error had occurred. At that point, the trial judge could have exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling.
Id.
In Davis, which involved trial counsel's failure to renew an objection under Joiner, the eleventh circuit characterized the failure to renew under Joiner as "unrelated to the outcome of his trial." Davis, 341 F.3d at 1315. Davis held that the failure to renew an objection at the time the jury is sworn, as required by Joiner, is the same type of ineffective assistance of counsel as *1263 failing to file a requested appeal from a criminal conviction. However, as the above quote from Joiner indicates, the purpose of requiring renewal of the objection is to make it plain to the trial court that the defendant has not abandoned his earlier objection and to give the trial court an opportunity to reconsider its earlier ruling on the peremptory strike. The Davis approach would eliminate the requirement of an objection in the trial court, when an error might be expeditiously corrected, thereby giving the defendant a "trump card entitling him to a new trial." Joiner, 618 So.2d at 176 n. 2.
Our second area of disagreement with Davis concerns the application of a case from the United States Supreme Court, which we read as inapplicable to a case involving the failure to preserve a challenge to a juror. The eleventh circuit relied upon Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), to conclude that on postconviction relief, the failure of trial counsel to preserve an objection to a juror should be judged by its effect on the defendant's appeal, and not on the underlying trial.
Flores-Ortega involved an ineffective assistance claim where a lawyer neglected to file a timely notice of appeal in the trial court, thereby failing to preserve the defendant's right of appeal. Id. at 474, 120 S.Ct. 1029. The United States Supreme Court held that Strickland's prejudice prong required the petitioner to show "that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484, 120 S.Ct. 1029. The eleventh circuit read Flores-Ortega as establishing "that the prejudice showing required by Strickland is not always fastened to the forum in which counsel performs deficiently: even when it is trial counsel who represents a client ineffectively in the trial court, the relevant focus in assessing prejudice may be the client's appeal." Davis, 341 F.3d at 1315.
The eleventh circuit extended the holding of Flores-Ortega to cover the issue of the failure to preserve an objection arising at trial.
However, Flores-Ortega is inapplicable to a case involving the preservation of an objection to a potential juror. Filing a notice of appeal in the trial court has nothing to do with the conduct of a trial, and everything to do with the timeliness of an appeal. An objection directed at the composition of the finder of fact is central to the trial itself. The trial judge's ruling either avoids or gives rise to an issue on appeal. On the other hand, no ruling at trial could alter the requirement or effect of a notice of appeal. Flores-Ortega involves the deprivation of an appellate proceeding; the case should not be read to require that a deficiency in an attorney's trial performance be evaluated for prejudice in terms of the effect on a direct appeal, instead of on the trial itself.
We certify conflict with Austing v. State, 804 So.2d 603 (Fla. 5th DCA 2002). That case involved a postconviction relief motion which contended that defense counsel failed to preserve the issue of the state's erroneous Neil objection to the defendant's exercise of a peremptory challenge. The fifth district gave the defendant a new trial, reasoning that he had demonstrated prejudice under Strickland, because "the result would have been different, i.e., reversal on appealhad trial counsel been effective." Id. at 605. Austing holds that, for postconviction relief motions based upon the failure to preserve objections pertaining to jury selection, the prejudice prong of the Strickland test is determined by the effect of counsel's mistake on the defendant's appeal, and not his trial. This, *1264 in our opinion, is not consistent with either Strickland or Joiner.
Two cases from this court have required hearings on the postconviction relief claim that defense counsel failed to preserve objections pertaining to peremptory challenges. Dwyer v. State, 776 So.2d 1082 (Fla. 4th DCA 2001); Thomas v. State, 700 So.2d 407 (Fla. 4th DCA 1997). We recede from these cases to the extent that they suggest that postconviction relief is appropriate where the record does not demonstrate that an actually biased juror served on the jury. Where the record establishes that an actually biased juror served on the jury without objection, then a hearing is appropriate to see if the defense attorney had a tactical reason for not challenging the juror for cause or if the defendant participated in the decision to accept the juror. See Jenkins, 824 So.2d at 983 n. 1.
Affirmed.
STEVENSON, C.J., GUNTHER, STONE, POLEN, KLEIN, SHAHOOD, TAYLOR and MAY, JJ., concur.
WARNER, J., dissents with opinion, in which FARMER, J., concurs.
HAZOURI, J., recused.
WARNER, J., dissenting.
I dissent because I conclude that the principles of Davis v. Secretary for the Department of Corrections, 341 F.3d 1310 (11th Cir.2003), ought to apply in this case. Davis concluded that the standard for prejudice where the defense attorney fails to preserve the challenge to an objectionable juror is "whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Id. at 1316. The Davis court chose this standard because it believed that trial counsel was acting in a separate and distinct role of preserving error on appeal when renewing the objection to the juror before swearing in the jury.
The majority rejects the Davis analysis, because the necessity to renew the objection before the swearing in of the jury is to assure that events had not transpired subsequent to the objection to make the defendant satisfied with the jury chosen. Thus, the majority concludes that the purpose of renewing the objection is related to the trial, and counsel is not performing in an appellate role only.
While the majority's legal conclusion is correct in general, it does not apply in this case. As set forth in our opinion in Carratelli v. State, 832 So.2d 850 (Fla. 4th DCA 2002), the defendant did renew his objection before the jury was sworn. He did everything required under Joiner v. State, 618 So.2d 174 (Fla.1993), except secure an express ruling from the trial court rejecting his request for additional challenges. Defense counsel requested additional peremptories throughout voir dire, all of which were denied by the trial court. We held these requests were insufficient, because he had not exhausted his original allotment. The opinion continues:
The defendant used his last peremptory challenge to strike prospective juror Berry. The state accepted the jury. The court turned to defense counsel: "Those six jurors unless additional challenges from the defense, [defense counsel]." Defense counsel responded: "If  if there are others, I would challenge including Mr. Inman, and others, if you granted me more peremptories."
The trial court did not respond to defense counsel's statement. There is no indication that the judge even heard it. Throughout the trial, the court was careful to rule on the record on other objections and motions. The judge's very next question concerned the alternate *1265 juror. After the state struck an alternate, the defense accepted the next alternate seated "without waiving the challenge to the jury itself."
Id. at 855-56. We concluded that because counsel had not made an adequate request for additional peremptories or received a definitive ruling on his request, he had not preserved the issue for appeal. Clearly, counsel's deficient performance in this case consisted of his failure to properly preserve the juror challenges for appeal, not his trial performance of bringing this to the attention of the trial judge to reconsider his prior rulings.
Our prior opinion makes clear that if the juror challenge had been properly preserved in all respects under Joiner, then we would have reversed on appeal, and Carratelli would have received a new trial as an objectionable juror sat on his case. I think under the facts of this case, the Davis standard should apply.
In my opinion, Jenkins v. State, 824 So.2d 977 (Fla. 4th DCA 2002), is not controlling because a lawyer's failure to challenge a juror may be a matter of trial strategy, as was pointed out in the case. Therefore, having failed to make any argument whatsoever in the trial court regarding a juror, so that the trial court could inquire further or examine the juror's qualifications, the appropriate standard should be to determine from the record whether a biased juror sat on the case. To the contrary, under the facts of this case the failure to preserve a cause challenge is simply not a matter of trial strategy.
I would reverse.
FARMER, J., concurs.
NOTES
[1] We wrote in Carratelli, that there was "no indication that the judge even heard" counsel's reference. 832 So.2d at 855. "Throughout the trial, the court was careful to rule on the record on other objections and motions." Id.
[2] Although Joiner involved peremptory challenges under State v. Neil, 457 So.2d 481 (Fla.1984), this court, along with other district courts of appeal, has applied the Joiner holding to jury selections generally. See Berry v. State, 792 So.2d 611 (Fla. 4th DCA 2001); Couch v. Dunn Ave. Shell, Inc., 803 So.2d 803 (Fla. 1st DCA 2001); Gootee v. Clevinger, M.D., 778 So.2d 1005 (Fla. 5th DCA 2000); Johnson v. State, 763 So.2d 1214 (Fla. 2d DCA 2000); Milstein v. Mut. Sec. Life Ins. Co., 705 So.2d 639 (Fla. 3d DCA 1998).
[3] Although the concurring opinion in Carratelli v. State, 832 So.2d 850, 863 (Fla. 4th DCA 2002), indicated that juror Inman should have been excused for cause, the majority opinion did not join in that conclusion. We do not believe that the record demonstrated that juror Inman should have been removed for cause.
[4] State v. Neil, 457 So.2d 481 (Fla.1984), concerns the procedure for evaluating a party's objection to a peremptory challenge on the ground that the challenge reflects racial bias. See also Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[5] In Davis v. State, 905 So.2d 905 (Fla. 3d DCA 2005), the third district considered the merits of Davis' Neil objection and affirmed the conviction. The trial court's overruling of Davis' Neil objection to the prosecutor's peremptory strike was based on the court's erroneous recollection of the questioning during voir dire. The third district found it significant that defense counsel failed to "correct []the Judge's confusion," so the trial court "was not put on notice that the record did not support the race-neutral explanation being given." Id. at 908-09.