922 So.2d 424 (2006)
STATE of Florida, Appellant,
v.
Steven BOUCHARD, Appellee.
No. 2D03-4928.
District Court of Appeal of Florida, Second District.
March 10, 2006.
*425 Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellee.
EN BANC
SILBERMAN, Judge.
This is the second appeal resulting from the postconviction court's consideration of Steven Bouchard's motion for postconviction relief. The State appeals the order summarily granting Bouchard's motion. We consider this case en banc in order to recede from our holding in Van Loan v. State, 872 So.2d 330 (Fla. 2d DCA 2004), as to the appropriate standard to be used to determine prejudice in a claim for ineffective assistance of counsel. We also recede from our decision in Bouchard v. State, 847 So.2d 598 (Fla. 2d DCA 2003) (Bouchard I), to the extent that it is inconsistent with our decision here. We reverse and remand for further proceedings.

BOUCHARD'S MOTION AND PRIOR PROCEEDINGS
After Bouchard was convicted of aggravated assault and grand theft of a motor vehicle, he filed a pro se motion for postconviction relief. He alleged that after the trial court instructed the jury and the jury began its deliberations, the jury requested copies of the elements of the crimes. The trial court stated to counsel that it would furnish the jury with copies of the standard instructions relating to the elements of the crimes and the instruction on voluntary *426 intoxication. The jurors were returned to the courtroom, and the trial court told the jurors it was providing them the instructions "with regard to the elements." The court made no reference to the instruction on voluntary intoxication. No objections were raised.
In his motion, Bouchard claimed that his counsel was ineffective by not objecting when the trial court gave the jury a partial set of instructions during its deliberations. He alleged that it appeared "the judge did not even include or reinstruct on the voluntary intoxication [defense] that he earlier told counsel he was going to include." Bouchard argued that the validity of the jury's verdict was in doubt and that "[h]aving all the instructions assures that the jurors will not put more weight in one part of the instructions while ignoring other parts." He claimed that "counsel's ineffectiveness created a prejudice of 1) not assuring that the jury gave the same emphasis to all of the instruction [sic] where it was evident they were confused, and; 2) disallowed the defendant a new trial by failing to preserve this issue for direct appeal."[1]
The postconviction court summarily denied the motion, stating Bouchard did not show that counsel's performance was deficient and that he "has not proven that he suffered prejudice." On appeal, we reversed, stating as follows:
The failure to preserve a potentially reversible error for appeal may constitute ineffective assistance of counsel. Under certain circumstances, it is reversible error for the trial court to provide the jury with a copy of only a portion of the jury instructions; if the trial court provides the jury with any written instructions, it must provide the jury with all of the instructions. Therefore, if only partial written instructions were given to the jury, and trial counsel failed to preserve the issue for appeal, trial counsel was ineffective.
Bouchard I, 847 So.2d at 599 (citations omitted). We noted that the record indicated copies of the instructions on the elements and on voluntary intoxication were given to the jury, but we acknowledged the State's concession "that other jury instructions were not provided to the jury." Because the record did not refute Bouchard's claim, we reversed and remanded for an evidentiary hearing or for the postconviction court to provide record attachments conclusively refuting the claim. Id.
On remand, the postconviction court requested memoranda from the parties. The court then summarily granted Bouchard's motion, attaching to its order several pages of the trial transcript and a copy of the judgment and sentence. The postconviction court stated that "it seems only partial jury instructions were given" and concluded that because Bouchard's counsel did not object to or affirmatively approve the trial court's providing partial instructions to the jury, Bouchard was entitled to relief. The State argues, and we agree, that reversal is again required.

THE STRICKLAND STANDARD FOR POSTCONVICTION RELIEF
The burden on a defendant who claims ineffective assistance of counsel is to establish that trial counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, *427 "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. The Supreme Court added that "[t]he purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." Id. at 691-92, 104 S.Ct. 2052.
When deficient performance by counsel is established, a court must determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. The Court explained as follows:
The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.
Id. at 695, 104 S.Ct. 2052.
CASES DISCUSSING INEFFECTIVE ASSISTANCE DUE TO THE FAILURE OF COUNSEL TO PRESERVE AN ISSUE FOR APPELLATE REVIEW
This court, in Van Loan v. State, 872 So.2d 330 (Fla. 2d DCA 2004), determined that postconviction relief was warranted due to counsel's failure to object when the trial court provided the jury with incomplete jury instructions for use during deliberations, in violation of Florida Rule of Criminal Procedure 3.400(a)(3). We stated that "if defense counsel had properly objected to the incomplete jury instructions, the issue would have been preserved for appellate review and a reversal would have resulted." Id. at 332.
Outside the context of rule 3.400, several cases have addressed claims of ineffective assistance of counsel based on counsel's failure to preserve for appeal an error that would have resulted in a reversal on direct appeal. See, e.g., State v. Chattin, 877 So.2d 747, 749 (Fla. 2d DCA 2004) (stating that to obtain postconviction relief based on counsel's failure to preserve jury selection issues, Chattin had to "show that had his counsel preserved the issues, this court likely would have reversed his conviction on direct appeal"); Eure v. State, 764 So.2d 798, 801 (Fla. 2d DCA 2000) (observing that counsel was ineffective for failing to object to the State's improper closing argument and that a separate rule 3.850 proceeding was not required because "had an objection and motion for mistrial been made and denied by the trial court, the error would have been preserved" and the conviction would have been reversed on appeal); Crumbley v. State, 661 So.2d 383, 384-85 (Fla. 1st DCA 1995) (reversing the summary denial of the defendant's postconviction motion because the allegations that counsel was ineffective for failing to preserve a jury selection issue for appellate review were not sufficiently refuted by the trial court's order and observing that counsel's failure to "preserve an issue which if well founded would result in a reversal has been held to constitute a preliminary basis for relief"); Vaz v. State, 626 So.2d 1022, 1023 (Fla. 3d DCA 1993) (concluding that ineffectiveness was shown because if counsel had objected to the time limitation on closing argument, "the result of the proceeding would have been different, *428 i.e., a reversal of the conviction").[2]
The Fourth District, in Carratelli v. State, 915 So.2d 1256 (Fla. 4th DCA 2005) (en banc), recently rejected this approach and receded from its own decisions that focused on prejudice to a defendant's appellate rights.[3]Carratelli involved a motion for postconviction relief based on counsel's failure to exercise or preserve a cause challenge to a juror. The court stated that the proper inquiry under Strickland is whether the defendant has shown actual prejudice because a biased juror served on the jury, not "whether the trial court would have sustained the challenge had it been made at trial, or whether the appellate court would have reversed the conviction had the objection been preserved." Id. at 1260. The court discussed the different standards that apply when a claim of reversible error is presented in a direct appeal as compared to a claim presented in a postconviction motion. "On direct appeal, the erroneous denial of a preserved cause challenge is reversible error, without any inquiry into harmless error or prejudice. When the failure to raise or preserve a cause challenge arises in a postconviction relief claim, the question of prejudice is central to the outcome." Id. at 1258.
The court quoted from its earlier decision in Jenkins v. State, 824 So.2d 977, 982 (Fla. 4th DCA 2002), and reiterated that
a "lawyer's competence in failing to make a cause challenge should not be reviewed in a 3.850 proceeding in the same way that a denial of a cause challenge is reviewed on direct appeal. To do so is to undermine the trial process and to nullify the reasons for requiring a timely objection in the first place."
Carratelli, 915 So.2d at 1258.
The Fourth District also expressed disagreement with Davis v. Secretary for the Department of Corrections, 341 F.3d 1310 (11th Cir.2003), which focused the prejudice inquiry on whether the outcome on appeal would have been more favorable to the defendant in the absence of counsel's deficient performance at trial. The court stated that "[t]he Davis approach would eliminate the requirement of an objection in the trial court, when an error might be expeditiously corrected, thereby giving the defendant a `trump card entitling him to a new trial.'" 915 So.2d at 1263 (quoting Joiner v. State, 618 So.2d 174, 176 n. 2. (Fla.1993)). The court noted that Davis relied on the Supreme Court decision in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), which involved the deprivation of an appellate proceeding because counsel failed to file a timely notice of appeal. Carratelli, 915 So.2d at 1263. The court added that Flores-Ortega "should not be read to require that a deficiency in an attorney's trial performance be evaluated for prejudice in terms of the effect on a direct appeal, instead of on the trial itself." Id.
The distinction between a postconviction claim of prejudice and a direct appeal claim of prejudice was also discussed in Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003). The court stated as follows:
Significantly, the test for prejudicial error in conjunction with a direct appeal is very different from the test for prejudice in conjunction with a collateral claim of ineffective assistance. There *429 are different tests because, once a conviction becomes final, a presumption of finality attaches to the conviction. . . . [T]he test for prejudice on direct appeal is the harmless error test . . . under which trial court error will result in reversal unless the prosecution can prove "beyond a reasonable doubt" that the error did not contribute to the verdict obtained. Conversely, however, as explained in Strickland, prejudice may be found in a collateral proceeding in which ineffective assistance of counsel is claimed only upon a showing by the defendant that there is a "reasonable probability" that counsel's deficient performance affected the outcome of the proceeding.
Id. at 506-07 (citations omitted).

ANALYSIS OF BOUCHARD'S CLAIM AND VAN LOAN

Bouchard's claim is premised on counsel's failure to object when the trial court gave the jury partial written instructions, rather than all instructions, for use during deliberations. Florida Rule of Criminal Procedure 3.400(a)(3) provides that in noncapital cases, a court may permit the jury to take to the jury room "any instructions given, but if any instructions is [sic] taken all the instructions shall be taken." On direct appeal, courts have held that reversal is required when a trial court fails, over objection, to strictly comply with the requirements of rule 3.400. See Wilson v. State, 746 So.2d 1209, 1210 (Fla. 5th DCA 1999) (stating that "anything less than literal compliance with rule 3.400 requires reversal"); Bowe v. State, 600 So.2d 26, 26 (Fla. 4th DCA 1992) (holding that a trial court's failure to strictly comply with rule 3.400 is reversible error); Morgan v. State, 377 So.2d 212, 213 (Fla. 3d DCA 1979) (noting that the rule's purpose "is to prevent the jury from placing undue emphasis upon that information which is presented to them by way of partial written instructions").[4]
As noted earlier, we addressed a claim similar to Bouchard's in Van Loan. There, Van Loan asserted that counsel's failure to properly object to the submission of partial written instructions to the jury constituted ineffective assistance. At an evidentiary hearing on the postconviction motion, defense counsel testified that, at trial, she wanted the jury to get either the full instructions or none at all.[5] However, she conceded that her stated objection to the trial court did not clearly reflect this position. Although the postconviction court found that counsel's performance was deficient, it denied relief. The court concluded "that there was no reasonable probability that the jury would have rendered a not guilty verdict or a verdict for a lesser-included offense." 872 So.2d at 332. We reversed, stating that "[d]efense counsel's failure to preserve for appeal an error that would have resulted in reversal constituted ineffective assistance of counsel." Id.
*430 We now conclude that our focus in Van Loan on counsel's failure to preserve reversible error was incorrect. We agree with Carratelli that in evaluating prejudice, the Strickland standard focuses on the effect of the deficient performance on the reliability of the outcome in the proceeding in which the deficient performance occurred rather than on whether counsel's deficient performance in the trial court affected the defendant's appellate rights. As the Supreme Court specifically stated, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696, 104 S.Ct. 2052. Further,
It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.
Id. at 693, 104 S.Ct. 2052. Therefore, we recede from Van Loan and conclude that when an ineffective assistance claim arises from a violation of rule 3.400(a)(3), the appropriate focus is whether there is a reasonable probability that, but for counsel's errors, the result of the trial court proceeding would have been different.[6]
Although the postconviction court's order granting Bouchard's motion is consistent with Van Loan, in light of our decision to recede from Van Loan we must again reverse the order now on appeal. The trial court has not determined, and our limited record does not demonstrate, whether counsel's failure to object to the trial court's omission of particular instructions impacted the reliability of the result in the trial court. For example, while Bouchard asserted that the trial court omitted the instruction on the voluntary intoxication defense, our record does not reflect whether evidence was presented at trial in support of the defense. Further, if the omitted instructions contained introductory comments or addressed certain procedural matters, Bouchard may be unable to show any prejudice.[7]
We also observe that our limited record does not resolve the question of whether trial counsel's failure to object constitutes deficient performance. Although counsel's failure to object or to preserve an issue for appeal may constitute deficient performance, here it is unknown whether counsel elected not to object for tactical reasons, perhaps concluding that the omission of certain instructions benefited Bouchard. As we stated in Rhue v. State, 603 So.2d 613, 615 (Fla. 2d DCA 1992), the failure to preserve issues for appellate review may constitute ineffective assistance of counsel. However, a defendant must demonstrate "that counsel had no excuse for overlooking the objections and that the outcome of the case would likely have *431 been different had the objections been made." Id.
In concluding that Bouchard was entitled to relief, the postconviction court may have been misled by the language used in Bouchard I that, "if only partial written instructions were given to the jury, and trial counsel failed to preserve the issue for appeal, trial counsel was ineffective." Bouchard I, 847 So.2d at 599. But the two sentences immediately preceding the quoted sentence qualify that statement, recognizing that the failure to preserve a potentially reversible error may constitute ineffective assistance of counsel and that under certain circumstances it is reversible error for a court to provide the jury with only a portion of the instructions for use during deliberations. Id. Further, Bouchard I reversed and remanded for the postconviction court to conduct an evidentiary hearing or to provide record documents that conclusively refute Bouchard's claim. Thus, Bouchard I should not be read as holding that counsel was ineffective solely because counsel failed to preserve the issue for appeal. In light of our decision in the present case, we recede from Bouchard I to the extent that it conflicts with this decision.

CONCLUSION
In summary, we recede from Van Loan and, to the extent that it is inconsistent with this opinion, we also recede from Bouchard I. We reverse the order granting Bouchard's motion for postconviction relief and remand for further proceedings. On remand, the postconviction court must analyze Bouchard's claim using the Strickland standard in order to determine the following: whether counsel's failure to object when the trial court gave the jury partial written instructions was deficient; and, if counsel's performance was deficient, whether there is a reasonable probability that but for counsel's deficient performance the result of Bouchard's trial would have been different. If the postconviction court determines that Bouchard's claim is conclusively refuted by the files and records of this case, it may again deny relief, attaching to its order the supporting documentation. Otherwise, the postconviction court must conduct an evidentiary hearing to resolve Bouchard's claim.
Reversed and remanded.
FULMER, C.J., and ALTENBERND, WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, DAVIS, KELLY, CANADY, VILLANTI, WALLACE, and LaROSE, JJ., Concur.
NOTES
[1] Because the facial sufficiency of Bouchard's motion has not been challenged, we do not address the adequacy of his allegations.
[2] Van Loan and Bouchard I appear to be the only published cases addressing a motion for postconviction relief predicated upon a rule 3.400 violation.
[3] Carratelli receded from Dwyer v. State, 776 So.2d 1082 (Fla. 4th DCA 2001), and Thomas v. State, 700 So.2d 407 (Fla. 4th DCA 1997), and certified conflict with Austing v. State, 804 So.2d 603 (Fla. 5th DCA 2002).
[4] Because the cited cases were direct appeals, they did not address the standards applicable to motions seeking postconviction relief. Additionally, the cases did not discuss whether reversal would still be required if the omitted instructions were, for example, those thanking the jurors for their attentiveness or those dealing with procedural or housekeeping matters rather than instructions addressing the elements of the charges, defenses, the burden of proof, or other substantive matters.
[5] In Van Loan's direct appeal, our opinion noted that in response to a jury question during deliberations, the trial court gave the jury a copy of the elements of the offenses and the instructions on excusable and justifiable homicide. The opinion did not specify what instructions had been omitted. See Van Loan v. State, 779 So.2d 497, 498-99 (Fla. 2d DCA 2000). Our opinion addressing Van Loan's postconviction claim also did not identify the omitted instructions. See 872 So.2d 330.
[6] Although we have noted other decisions by this court that focus on counsel's failure to preserve reversible error, we do not address whether those cases remain viable in light of our decision here. Because the postconviction claims in those cases involve different circumstances than those present here, the cases are distinguishable and do not control the outcome of this case.
[7] For example, if the instruction directing the foreperson to sign, date, and bring the verdict form back to the courtroom was omitted, Bouchard may be unable to show any prejudice if the verdict form was, in fact, properly signed, dated, and returned. Similarly, it is doubtful that he could establish prejudice if the trial court omitted the instruction thanking the jurors for their attention.