KLEIN, J.
This is an appeal from a denial of a rule 3.850 motion for postconviction relief following an evidentiary hearing. Appellant, who was convicted of sexual battery and kidnapping,- argues that his trial counsel was ineffective because he intended to strike a biased juror, but neglected to do so. The trial court found ineffective assistance, but no prejudice, and denied the motion. We reverse.
On voir dire the prosecutor asked:
[Prosecutor]: Does anybody have something predetermined in their mind, “If somebody is raped, they should do this?”
Walker: Yes, I do.
[Prosecutor]: What is it?
Walker: I’m dead set against that trauma a woman or child go through with any sexual abuse. I have a granddaughter involved in incest with a son-in-law. I’m dead set against it. I believe in the law of execution for rapists. I’m just telling the truth.
Prosecutor: I appreciate that.
Neither counsel asked juror Walker any further questions about this statement, and Walker was on the jury which convicted appellant.
After his appeal was affirmed appellant moved for postconviction relief, alleging that his counsel was ineffective for failing to strike Walker for bias. Appellant alleged other grounds, which were disposed of summarily, and this issue was given an evidentiary hearing. At the hearing defense counsel testified that in his voir dire notes he had mistakenly attributed the above comment to a different juror named Drobnis and struck Drobnis instead of Walker. He had intended to strike all jurors who had a family member who had been raped. The notes made during voir dire were consistent with defense counsel’s testimony. The trial court found that defense counsel was deficient for failing to strike this juror either for cause or peremptorily, but that appellant failed to demonstrate prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In Carratelli v. State, 961 So.2d 312 (Fla.2007), our supreme court addressed, in the postconviction context, the failure of defense counsel to preserve for appellate review a challenge for cause to an allegedly biased juror. Before the trial in Carra-telli ⅛ which the defendant had been charged with six counts of vehicular homicide, there had been extensive media coverage. The defendant had claimed that, rather than driving recklessly, he had become unconscious because of a medical condition. The juror had heard other people in the community express skepticism about the defense, but had not participated in the conversations. He agreed that he could be fair and impartial, and make up his mind based on the evidence. Our supreme court concluded that this court had correctly affirmed the denial of postconviction relief in Carratelli v. State, 915 So.2d 1256 (Fla. 4th DCA 2005), and explained:
The record plainly shows that juror In-man held no firm opinion except that he could be fair, listen to the evidence, and *658 follow the law. Thus, Carratelli fails to demonstrate prejudice under Strickland.
Before reaching this conclusion our supreme court reasoned:
Under Strickland, to demonstrate prejudice a defendant must show that there is a reasonable probability — one sufficient to undermine confidence in the outcome — that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694, 104 S.Ct. 2052. In the context of the denial of challenges for cause, such prejudice can be shown only where one who was actually biased against the defendant sat as a juror. We therefore hold that where a postconviction motion alleges that trial counsel was ineffective for failing to raise or preserve a cause challenge, the defendant must demonstrate that a juror was actually biased.
Carratelli, 961 So.2d at 324.
The present case differs from Carratelli in that this juror was never asked, after stating that rapists should be executed and that there was an incident in his family, if he “could be fair, listen to the evidence, and follow the law.” Carratelli, 961 So.2d at 327. The issue we must decide is whether, under Carratelli appellant has demonstrated that a juror was actually biased. Id. at 324. We now examine the facts in more detail.
Besides Walker, there were five other jurors who responded that there had been rapes in their families. All of these jurors were questioned individually, out of the presence of other jurors, as to whether they could be fair, and four of the five were eliminated, three for cause and one with a peremptory strike. The fifth satisfied the court that she was not biased and could be fair. Walker was the only one of the group who was not asked if he could be fair. Although, because he was not questioned further, we do not know what would have transpired, the defense had one peremptory challenge which was not used.
The state argues that appellant has not demonstrated that Walker was biased, but, on the contrary, our supreme court explained in Bryant v. State, 601 So.2d 529, 532 (Fla.1992):
We hold that it is not defense counsel’s obligation to rehabilitate a juror who has responded to questions in a manner that would sustain a challenge for cause. The appropriate procedure, when the record preliminarily establishes that a juror’s views could prevent or substantially impair his or her duties, is for either the prosecutor or the judge to make sure the prospective juror can be an impartial member of the jury.
Based on what the record reflects in this case with regard to the other jurors who had rapes in their families, there is no doubt that the statements made by Walker, in the absence of rehabilitation, would have resulted in a for cause challenge being granted.
A somewhat similar situation was presented in Hughes v. U.S., 258 F.3d 453 (6th Cir.2001), in which the defendant had been convicted for committing a robbery of a deputy U.S. marshal at gunpoint. On voir dire, the following colloquy occurred:
JUROR [Jeanne Orman]: I have a nephew on the police force in Wyan-dotte, and I know a couple of detectives, and I’m quite close to ‘em.
THE COURT: Anything in that relationship that would prevent you from being fair in this case?
JUROR: I don’t think I could be fair.
THE COURT: You don’t think you could be fair?
JUROR: No.
THE COURT: Okay. Anybody else? Okay. Where did we leave off?
*659 There was no attempt to rehabilitate this juror, and she served on the jury. After his conviction, the defendant moved for postconviction relief, which was denied without an evidentiary hearing. The district court, however, granted the defendant a certifícate of appealability on the issue of ineffective assistance in failing to strike the juror that did not think she could be fair. Because there was no evidentiary hearing, the court of appeals did not have the benefit of the testimony of trial counsel as to why the juror was not stricken, but the court held the juror was biased as a matter of law and reversed:
We find ... that juror’s Orman’s declaration that “I don’t think I could be fair,” based on her personal relationships with a police officer and police detectives, in a case involving the theft of a federal marshal’s firearm and personal property at gunpoint, constituted an express admission of bias.... Orman never said that she would be able to render a fair and impartial verdict. ... Orman had no difficulty in judging how she would perform as a juror at trial; she did not think that she could be fair. Given Orman’s express admission of bias, with no subsequent assurance of impartiality and no rehabilitation by counsel or the court by way of clarification through follow-up questions directed to the potential juror, we find Orman to have been actually biased in this case. In fact, without more, juror bias can always be presumed from such unequivocal statements as were made in this case.
258 F.3d at 460.
The opinion was not unanimous, but the dissenting judge would only have remanded for an evidentiary hearing in order to find out why defense counsel did not strike the juror. It is obvious from the dissent that, if defense counsel had testified that he had intended to strike this juror but neglected to do so, as in this case, the decision to grant a new trial would have been unanimous. This court relied extensively on Hughes in its decision in Carratelli, 915 So.2d at 1260, and our decision was approved by the Florida Supreme Court. Carratelli, 961 So.2d at 327.
Because appellant has satisfied his burden of demonstrating that one of his jurors was biased, and that his trial counsel was ineffective for failing to strike the juror, appellant is entitled to a new trial. Reversed.
STEVENSON and TAYLOR, JJ., concur.